BANCOHIO NATIONAL BANK, APPELLEE, *v.* RUBICON CADILLAC, INC. ET AL., APPELLEES; S. B. CRAIG & COMPANY ET AL., APPELLANTS.

[Cite as BancOhio Natl. Bank *v.* Rubicon Cadillac, Inc. (1984), 11 Ohio St. 3d 32.]

(Nos. 83-1405 and 83-1460—Decided May 16, 1984.)

*James W. Knisley Co., L.P.A.,* and *Ms. Vicky M. Christiansen,* for appellee BancOhio.

*Messrs. Pryor, Lynn & Jerardi* and *Mr. Charles F. Young,* for appellees Rubicon Cadillac, Inc. and Thomas A. Simons.

*Messrs. Taft, Stettinius & Hollister, Ms. Kim K. Burke* and *Mr. L. Clifford Craig,* for appellant S. B. Craig & Company.

*Mr. Michael E. Foley,* for appellant Harvey Grain, Inc.

FORD, J. Two issues are submitted for resolution in this appeal. The first issue raised is whether Commodity Credit Corporation, an unjoinable party in a state proceeding, is an indispensable party under Civ. R. 19(B). The second issue raised is whether the trial court's ruling in denying the appellants' motions to dismiss was a final appealable order under R.C. 2505.02 or Civ. R. 54(B).

The question as to whether Commodity Credit Corporation is an indispensable party pursuant to Civ. R. 19(B) was never raised at the appellate level. While this may have been appellants' intended assignment of error, the appellate proceedings did not reach that stage. In fact, none of the parties filed briefs presenting this issue as error. Instead, the court of appeals dismissed the appeal on plaintiff-appellee's motion to dismiss for lack of a final appealable order. Therefore, the question of Commodity Credit Corporation's status was not before the court of appeals.

This court cannot address a proposition which was not raised at the intermediate level. *State* v. *Wirick* (1910), 81 Ohio St. 343; *Bd. of Commrs.* v. *Deitsch* (1916), 94 Ohio St. 1. This court's traditional policy against issuing advisory opinions precludes us from considering the issue of Commodity Credit Corporation's status. Thus, we focus on the question of whether the trial court's ruling in denying appellants' motions to dismiss was a final appealable order.

Appellants argue that the trial court's order denying their motions to dismiss when Commodity Credit Corporation was no longer a party was a final appealable order. In pertinent part, R.C. 2505.02 defines "final appealable order" as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * *."

Appellants also concede that the trial court's order was not one which in effect determined a claim in the action and prevented a judgment in their

favor. However, they do contend that the instant order affected a substantial right and was made in a "special proceeding." This argument is not persuasive.

*Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158], established a balancing test to determine whether a civil action is a special proceeding. The factors to be weighed are the " 'prompt and orderly disposition of litigation' and the consequent waste of judicial resources, resulting from an allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258.

Here, there is no need for immediate appellate review. The court's decision whether to join a party is equally reviewable now or after the case has been finally adjudicated. Appellants argue that they may be subject to double liability and double litigation arising from an action by the Commodity Credit Corporation in federal court; however, their liability under the provisions of R.C. 1309.01 *et seq.* is limited to divestiture of the Waddells' corn. See R.C. 1309.25, 1309.26, 1309.44 and 1309.46. Further, appropriate protective features in the trial court's order would effectively minimize such occurrences.

An immediate review would also waste judicial resources and disrupt an orderly disposition of the case. BancOhio's complaint does not solely seek foreclosure of its security interest in the corn. It has also sued Rubicon Cadillac, Inc. as a maker of the note and Thomas A. Simons as guarantor of the note. Judgment could be rendered against those parties and BancOhio's claim satisfied by either without foreclosure of the security interest in the corn. If this were to occur, the probable result would be no additional litigation. An immediate appeal only serves to disrupt the orderly disposition of the case.

For the foregoing reasons, we hold that the overruling of a motion to dismiss for failure to join an indispensable party under Civ. R. 19(B) is not a final appealable order within the meaning of R.C. 2505.02 or Civ. R. 54(B).

The judgment of the court of appeals is affirmed and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed.*

CELEBREZZE, C.J., HOFFMAN, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

HOFFMAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.