[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant 84 Lumber Company appeals from the entry of the Hamilton County Common Pleas Court overruling its motion to dismiss plaintiff-appellee Aguilera Construction Inc.'s complaint for lack of subject-matter jurisdiction.
{¶ 3} On January 9, 2002, Aguilera Construction filed suit against 84 Lumber Company to recover a sum of money for labor and materials it had provided at the Oak Village Condominiums on Bridgetown Road. Shortly thereafter, 84 Lumber moved to dismiss the complaint. It alleged that because the parties had entered into a written labor-and-material agreement that contained a valid arbitration clause, the trial court did not have subject-matter jurisdiction over Aguilera Construction's claims. In July 2002, the trial court overruled 84 Lumber's motion without any opinion or explanation. 84 Lumber now raises one assignment of error, arguing that the trial court erred in overruling its motion to dismiss because the parties' contract required the arbitration of all disputes. Aguilera Construction responds that the parties' written contract did not pertain to the labor and materials it had provided on Bridgetown Road.
{¶ 4} Although neither party has raised the issue, we must initially determine whether we have jurisdiction to review the order from which 84 Lumber appeals.[1] Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.03 limit this court's jurisdiction to the review of final orders, judgments, and decrees. For a judgment to be final and appealable, it must either satisfy the requirements of R.C.2505.02 and, if applicable, Civ.R. 54(B)[2] or must fit within a specific statutory exception.[3] Consequently, we must determine whether the trial court's entry overruling 84 Lumber's motion to dismiss satisfies R.C. 2505.02 or another statutory exception.
{¶ 5} R.C. 2505.02(B) defines a final order in these terms:
{¶ 6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
{¶ 7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
{¶ 8} "(3) An order that vacates or sets aside a judgment or grants a new trial;
{¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
{¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
{¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
{¶ 12} "(5) An order that determines that an action may or may not be maintained as a class action."
{¶ 13} Ohio appellate courts have generally held that a trial court's denial of a motion to dismiss a civil case for lack of subject-matter jurisdiction is not a final appealable order under R.C.2505.02 because the reasons for which the dismissal is sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, upon the entry of final judgment.[4]
{¶ 14} In this case, the trial court's entry overruling 84 Lumber's motion to dismiss did not fit within any of the categories under R.C. 2505.02(B). The trial court's entry did not determine Aguilera Construction's action. The merits of its complaint have not yet been addressed.[5] Nor did the trial court's entry vacate or set aside a judgment, or grant a new trial. All the trial court determined was that it had the power to hear and determine the parties' dispute.[6]
Likewise, we cannot say that the trial court's order was one made in a special proceeding.[7] We further fail to see how the trial court's entry overruling 84 Lumber's motion to dismiss has denied the company a provisional remedy.[8]
{¶ 15} Although R.C. 2711.02(C) provides that a trial court's order "that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *," 84 Lumber did not move for a stay of the proceedings. Consequently, we have no jurisdiction to entertain its appeal under R.C. 2711.02. The appeal is, therefore, dismissed.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.
[1] See Davison v. Rini (1996), 115 Ohio App.3d 688, 686 N.E.2d 278.
[2] See Wisintainer v. Elcen Power Strut Co., 44 Ohio St.3d 352, 354,1993-Ohio-120, 617 N.E.2d 1136.
[3] See, e.g., R.C. 2107.181, 2501.02, 2705.09, 2711.02, 2711.15,2744.02, 2945.67, and 2950.09(C)(2).
[4] See BancOhio Natl. Bank v. Rubicon Cadillac, Inc. (1984),11 Ohio St.3d 32, 462 N.E.2d 1379; Newell v. Marc W. Lawrence Bldg.Corp. (May 8, 1995), 5th Dist. No. 94-CA-292; Block v. Miller (Apr. 1, 1982), 8th Dist. No. 43925.
[5] See Stocklas v. Erie Ins. Group (Oct. 10, 1997), 11th Dist. No. 96-L-186.
[6] See Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87, 290 N.E.2d 841
(subject-matter jurisdiction "connotes the power [of a court] to hear and decide a case upon its merits").
[7] See, e.g., Polikoff v. Adam (1993), 67 Ohio St.3d 100,616 N.E.2d 213, syllabus (a special proceeding is one that (1) is specially created by statute and (2) was not known at common law).
[8] See, e.g., Mentor v. Babul (July 16, 1999), 11th Dist No. 98-L-244 (a motion to dismiss does not fall within the scope of a provisional remedy as defined in R.C. 2505.02(A)(3) because it is not simply directed to a limited evidentiary issue that is ancillary to the proceedings, and because the status quo may not be preserved depending on how the trial court rules on the motion).