[Cite as *In re P.C.*, 2024-Ohio-1411.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| P.C., et al. | : | CASE NO. CA2023-11-075 |
| | : | O P I N I O N<br>4/15/2024 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2014 JG 21054

Donald W. Combs, pro se.

Charles Jackson, pro se.

Amanda Jackson, pro se.

Pamela Cook, pro se.

Ryan L. DeBra, guardian ad litem.


**S. POWELL, P.J.**

{¶ 1}  Appellant ("Father") appeals the decision of the Clermont County Court of

Common Pleas, Juvenile Division, denying Father's motion to set aside the magistrate's

order and finding that appellee ("Grandfather") is a necessary party.  For the reasons

outlined below, we dismiss this appeal for lack of a final appealable order.

**Factual and Procedural Background**

{¶ 2} This matter first came before the juvenile court on multiple motions for custody filed by the relatives of P.C. and H.C. On August 12, 2023, the magistrate ordered that the children be placed in the temporary custody of Grandfather until further order of the court, and that the children's paternal aunt ("Aunt") have visitation with the children every other weekend. On August 14, 2023, Father filed a motion to set aside the magistrate's order, asserting that Grandfather is not a proper party to the case. On October 10, 2023, the juvenile court denied Father's motion. The juvenile court found that although Grandfather had not filed a motion to intervene, Grandfather has had ongoing physical custody of the children, and Grandfather's presence and participation in the matter is necessary to fully litigate the issue of custody. Therefore, the juvenile court specifically designated Grandfather as a necessary party pursuant to Juv.R. 2(Y). The juvenile court has not made any final decision regarding custody of the children. On November 9, 2023, Father appealed.

**II. Legal Analysis**

{¶ 3} Father now appeals the juvenile court's October 10, 2023 decision designating Grandfather as a necessary party and denying his motion to set aside the magistrate's order. Father raises the following two assignments of error for our review:

> THE MAGISTRATE ADDED [GRANDFATHER] ILLEGALLY BY ABUSING HIS DISCRETION AND VIOLATING [FATHER'S] DUE PROCESS RIGHTS. THEN JUDGE SHRIVER ABUSED HIS DISCRETION AND VIOLATED [FATHER'S] DUE PROCESS RIGHTS BY NOT REMOVING [GRANDFATHER]. THIS VIOLATED [FATHER'S] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS.
>
> THE COURT NOT ONLY ABUSED ITS DISCRETION BUT DENIED [FATHER] HIS DUE PROCESS AND EQUAL

- 2 -

PROTECTION RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS.

**{¶ 4}** On review, however, we find that we do not have jurisdiction of the appeal because no final appealable order was issued in the case.

**{¶ 5}** Appellate courts have jurisdiction to review the final appealable orders from lower courts. See Section 3(B)(2), Article IV, Ohio Constitution; *In re Murray*, 52 Ohio St.3d 155 (1990); R.C. 2505.03. Appellate courts lack jurisdiction to review nonfinal appealable orders and must dismiss matters lacking final appealable orders. *In re T.M.*, 12th Dist. Madison Nos. CA2006-01-001 and CA2006-01-004, 2006-Ohio-6548, ¶ 12.

**{¶ 6}** A "final order" is defined in R.C. 2505.02(B), in pertinent part as: "(1) an order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" According to the Ohio Supreme Court, proceedings in juvenile courts are special statutory proceedings. *Id.* at ¶ 16, citing *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 1994-Ohio-302. An order affects a substantial right if it would foreclose appropriate relief in the future. *In re C.G.*, 12th Dist. Preble Nos. CA2007-03-005 and CA2007-03-006, 2007-Ohio-4361, ¶ 49.

**{¶ 7}** "Generally, a trial court's order determining a motion to join a party does not constitute a final, appealable order pursuant to R.C. 2505.02." *Kohut v. Christopher*, 11th Dist. Portage No. 2021-P-0053, 2021-Ohio-3181, ¶ 8. In *In re C.G.*, this court explained that a juvenile court's denial of a grandparent's motion to intervene may constitute a final appealable order, because it would foreclose the grandparent's only opportunity to be included in the underlying action involving their grandchild. In that scenario, the order involves a special proceeding and affects a substantial right. At ¶ 51. Here, however,

- 3 -

the situation is the opposite: Father appeals the juvenile court's denial of his motion to dismiss Grandfather as a party. There is no substantial right affected because "[t]he court's decision whether to join a party is equally reviewable now or after the case has been finally adjudicated." *Hrabak v. Walder*, 11th Dist. Geauga No. 2019-G-0220, 2019-Ohio-4732, citing *BancOhio Nat'l Bank v. Rubicon Cadillac*, Inc., 11 Ohio St.3d 32, 34, 11 Ohio B. 111, 462 N.E.2d 1379 (1984).

### III. Conclusion

{¶ 8} Based upon the foregoing analysis, we find the juvenile court's order is not a final appealable order. Accordingly, this appeal is hereby dismissed for lack of jurisdiction.

{¶ 9} Appeal dismissed.

HENDRICKSON and M. POWELL, JJ., concur.