CULLEN, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Cullen v. Ohio Dept. of Rehab. & Corr.* (1998), 125 Ohio App.3d 758.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97API08–1113.

Decided April 14, 1998.

*Benesch, Friedlander, Coplan & Aronoff, L.L.P.,* and *Ronald L. House,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Teri Jo Finfrock,* Assistant Attorney General, for appellee.

CLOSE, Judge.

This is an appeal from the Ohio Court of Claims granting summary judgment on July 25, 1997, in favor of the defendant-appellee, Ohio Department of Rehabilitation and Correction. Dr. Craig Cullen, plaintiff-appellant, commenced this action pursuant to R.C. 109.364 in the Court of Claims on May 5, 1995, against appellee in order to be reimbursed for attorney fees he incurred while defending himself in a medical malpractice case brought in the Cuyahoga County Court of Common Pleas by the estate of Charles F. Ohler. The Ohio Attorney General refused to represent and defend him as a state employee or officer pursuant to R.C. 109.361. Appellant was forced to retain his own counsel and to incur expenses in defending himself in the common pleas court.

After commencing his R.C. 109.364 action to recover his expenses, appellant moved for summary judgment. Appellant claimed that the judgment in the Cuyahoga County Court of Common Pleas (rendered on October 5, 1994, clarified by journal entry on May 15, 1996, and confirmed on December 24, 1997, as a final appealable order) must be given *res judicata* effect by all courts, giving finality to appellant's status as a state employee or officer. Pursuant to R.C. 109.36, the common pleas court had decided that appellant was a state employee or officer entitled to representation under R.C. 109.361. Appellee simultaneously moved for summary judgment in the Court of Claims, requesting a determination that appellant was not a state employee. On July 25, 1997, disregarding the Cuyahoga County judgment, the Court of Claims overruled appellant's motion and

granted summary judgment in favor of appellee, finding that appellant was not a state employee and dismissing each of appellant's claims.

Appellant asserts the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in overruling appellant's motion for summary judgment and failing to give *res judicata* effect to the prior judgment of the common pleas court which established that appellant was an R.C. 109.36(A) state employee or officer entitled to defense and representation under R.C. 109.361.

"Assignment of Error No. 2:

"The trial court erred in granting summary judgment in appellee's favor upon appellant's claim for recovery of his fees and expenses under R.C. 109.364 as a result of the Ohio Attorney General's failure to defend and represent him in the common pleas court.

"Assignment of Error No. 3:

"The trial court erred in granting summary judgment in appellee's favor upon appellant's third–party beneficiary claim.

"Assignment of Error No. 4:

"The trial court erred in granting summary judgment in appellee's favor upon appellant's claim that appellant relied to his detriment on appellee's actions."

In 1994, Annashae Corporation ("Annashae"), incorporated in the state of Ohio in 1980 under the General Corporation Act, began entering into contracts with appellee. Annashae provided consulting services to hospital administrators and ran a physician staffing service. Annashae provided physician staffing services to state agencies, such as appellee and the Ohio Department of Mental Health, and to local government entities that operate local mental health facilities and local hospitals. Annashae's articles of incorporation specifically state that "nothing herein authorizes the company to engage in the practice of medicine."

During the time period between 1987 and 1991, appellee's Orient Correction Institution ("OCI") entered into two separate contracts with Annashae to provide physicians for the prison infirmary. On August 11, 1987, Annashae and appellee signed the first purchase service contract. The work under this contract began on September 11, 1987, and was continued through June 30, 1989. On April 3, 1989, the second purchase service contract was signed between appellee and Annashae. Under the terms of the contract, Annashae agreed to provide two staff physicians to appellee's OCI facility at a specific hourly rate for the two-year period commencing July 1, 1989 through June 30, 1991. When Annashae signed these contracts, it did not know the specific doctors that it would be providing to appellee's OCI facility.

Annashae then entered into independent contracts with its staff physicians and hired appellant as one of its physicians to provide staffing services to appellee. Appellant began working for Annashae in January 1989 and remained with Annashae until December 30, 1990. Appellant was employed by Annashae as an independent contractor. During his employment, appellant was assigned by Annashae to several correctional institutions. Annashae's practice was to execute a new independent-contractor contract with appellant for each new facility to which appellant was assigned. Appellee had no involvement in negotiating the terms of any of these contracts. Appellant was paid directly by Annashae. Appellant received a lump-sum paycheck with no taxes or benefits withheld. Annashae assigned appellant to a facility and determined his hours and his rate of pay. At the end of the year, appellant received a 1099 tax form from Annashae. On his income tax returns, appellant listed himself as self-employed. While appellant was under contract with Annashae, he did not sign any personal service contract or any other contract with the state of Ohio. Appellant received no state health care benefits, nor did he make any contributions to the state retirement system while under contract with Annashae. Appellant never saw the contract that Annashae signed with appellee.

Annashae made a profit on these contracts with the state. Appellee did not assign the Annashae staff physicians, nor did it have the authority to terminate a doctor. If appellee did not want a particular Annashae staff physician assigned, appellee was required to contact Annashae and Annashae would not schedule that physician. The physician, however, could continue to work for Annashae.

Appellant signed an independent-contractor contract with Annashae, on September 1, 1989, to perform services at OCI. Annashae assigned appellant to OCI for two and one-half months from July 1, 1989 to mid-September 1989, due to a shortage of physicians.

On February 1, 1993, Albert Ohler, administrator of the estate of Charles Ohler, filed a wrongful death action in the Court of Claims against appellee. The claim alleged malpractice in the diagnosis and treatment of rectal cancer that had been contracted by Charles Ohler, the brother of Albert and an inmate at appellee's OCI facility. During the initial stages of discovery in that case, it was determined that three of the doctors who treated Charles were independent contract employees of Annashae and not employees of appellee. Pursuant to this information, Albert filed a complaint in the common pleas court against Annashae and the three doctors, including appellant. Annashae answered the complaint and filed a third-party complaint against appellee, alleging that appellee should indemnify Annashae. Annashae and two of the doctors, including appellant, requested a declaratory judgment against appellee for indemnification, a determination that they should be considered employees of the state of Ohio, and for

costs, expenses, and attorney fees for their defense of the medical malpractice claims. Appellee was added as a third-party defendant in the common pleas court action at the end of December 1993.

Appellee filed a motion to dismiss for lack of subject matter jurisdiction over the claims. The common pleas court denied the motion. The parties conducted discovery and fully briefed and argued the issue regarding appellant's status as a state employee or officer. The common pleas court rejected appellee's argument that, pursuant to R.C. 2743.02(F), the Court of Claims has original exclusive jurisdiction to determine whether Annashae and its doctors were state employees. The common pleas court found that, pursuant to R.C. 109.36, appellant was a state officer or employee entitled to representation under R.C. 109.361. The common pleas court further ruled that it did not have jurisdiction to determine whether these state employees were acting outside the course and scope of their employment. Accordingly, the common pleas court sent the case to the Court of Claims for determination, pursuant to R.C. 2743.02(F), as to appellant's personal immunity under R.C. 9.86. The Court of Claims rejected the transfer of the case, finding that it did not have jurisdiction. The matter then returned to the common pleas court. The Ohler estate voluntarily dismissed Annashae, appellant, and the other doctor with prejudice. The lawsuits between Annashae, appellant, and the other doctor were settled. Appellee was dismissed from all pending claims in Cuyahoga County without prejudice on May 15, 1996. Thereafter, appellant pursued his action for indemnification for costs, expenses, and attorney fees in the Court of Claims, from which this appeal is taken.

The first and second assignments of error will be addressed together. Appellant claims that the trial court erred in overruling appellant's motion for summary judgment and in failing to give *res judicata* effect to the prior judgment of the common pleas court. The common pleas court found that appellant was a R.C. 109.36(A) state employee or officer entitled to defense and representation under R.C. 109.361 and, therefore, entitled to recovery of his fees and expenses under R.C. 109.364.

"Officer or employee" of the state, as defined in R.C. 109.36(A), means "any person who, at the time a cause of action against him arises, * * * is employed by the state; or is rendering medical * * * services pursuant to a personal services contract with a department, agency, or institution of the state." *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606.

Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is proper when the following has been established: " '(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence

that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse, to that party.'" *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129.

The burden to show that no issue of material fact exists falls upon the moving party in a summary judgment motion. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once a proper summary judgment motion is made, the nonmoving party must produce evidence on any issue for which it bears the burden of production at trial. *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 623 N.E.2d 591. When reviewing the grant of a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411.

The question of whether appellant is entitled to immunity as a government employee is a question of law for which the Court of Claims has exclusive, original jurisdiction. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 288, 595 N.E.2d 862, 866. A person has personal immunity pursuant to R.C. 109.36, 9.86, and 2743.02 if he or she is an "employee," as defined by R.C. 109.36, and if his or her actions are within the scope of his or her employment with the state. *Smith v. Ohio State Univ. Hosp.* (1996), 110 Ohio App.3d 412, 414, 674 N.E.2d 721, 723. Implicit in the determination of immunity is a determination of the employment status of appellant.

R.C. 2743.02(F) provides, in pertinent part:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." See, also, *Conley,* 64 Ohio St.3d at 286–287, 595 N.E.2d at 865.

Appellant's complaint in the common pleas court was for more than just equitable or injunctive relief. A specific request was made for monetary relief. Actions for money damages against the state can only be brought in the Court of Claims. R.C. 2743.03. This specific request took the action out of the jurisdiction of the common pleas court and placed it solely in the exclusive jurisdiction of the Court of Claims. A claim for indemnification is a claim for money damages. The Court of Claims has exclusive, original jurisdiction in all civil suits for money

damages, even when ancillary relief such as an injunction or declaratory judgment is sought. *Ballengee v. Ohio Dept. of Rehab. & Corr.* (1996), 79 Ohio Misc.2d 69, 670 N.E.2d 1383, citing *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 103, 579 N.E.2d 695, 699–700.

 The common pleas court was wholly without jurisdiction when the state was brought in as a third-party defendant. Upon the filing of appellant's cross-claim and Annashae's third-party complaint, the action should have been removed to the Court of Claims, which held proper jurisdiction in this matter. The judgment of the common pleas court, therefore, has no validity and *res judicata* is inapplicable. *Res judicata* bars relitigation of the same cause of action between the same parties when there is a prior judgment in a court of competent jurisdiction. The common pleas court does not have subject matter jurisdiction to decide whether appellant is a state employee and, thus, entitled to a determination as to immunity. The common pleas court's ruling is a void judgment, absolutely null and without legal efficacy. The common pleas court's ruling is not *res judicata* as to the issue raised.

 It was well within the prerogative of the Court of Claims to find that appellant was not a state employee based on the evidence presented. We agree with the Court of Claims' determination. Appellant was an independent contractor of Annashae. Annashae hired appellant and assigned him to a facility and determined his hours and rate of pay. Appellant was paid directly by Annashae and received a lump-sum paycheck with no taxes or benefits withheld. Appellant received a 1099 tax form from Annashae at the end of the year and listed himself as self-employed on his income tax returns. Appellant, while under contract with Annashae, did not sign a personal service contract or any other contract with the state of Ohio. Appellant did not receive state health care benefits or make any contributions to the state retirement system. Appellant never saw the contract Annashae signed with appellee. Appellee had no involvement in negotiating the terms of any of the contracts between Annashae and the physicians that Annashae hired. The personal service contract for which appellant provided services was a contract between his employer and the state. There is no evidence that he had entered into a personal service contract with a state entity. Appellant is not an officer or an employee of the state of Ohio and is not entitled to immunity under R.C. 9.86. By its terms, R.C. 9.86 requires a preliminary determination concerning the status of an individual because the immunity provided under that section applies to officers or employees of the state. *Nichols v. Villarreal* (1994), 94 Ohio App.3d 173, 175–176, 640 N.E.2d 557, 558.

Appellant was not an R.C. 109.36(A) "state employee or officer," as defined in R.C. 109.361(A), nor was appellant rendering medical services pursuant to a

personal services contract with the state. Appellant is, therefore, not entitled to defense and representation under R.C. 109.361.

The ultimate grant of summary judgment in the Court of Claims was properly based on the fact that appellee is entitled to judgment as a matter of law no genuine issue as to any material fact remains to be litigated and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

Appellant's first and second assignments of error are overruled.

■ Appellant's third assignment of error is overruled based on the disposition of the first two assignments of error. Neither appellant nor appellant's employer was a state employee. Neither fit the definition of R.C. 109.36. Annashae was a corporation in the business of providing a physician placement service and was not engaged in the practice of medicine. Even if Annashae were determined to be a state employee, appellant was not a third-party beneficiary of the contract between Annashae and appellee. *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 63 O.O.2d 364, 299 N.E.2d 295. In order for appellant to be a third-party beneficiary of the contract with the ability to enforce the contract between Annashae and the state, appellant must be an intended beneficiary rather than an indirect or incidental beneficiary. *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 521 N.E.2d 780. The contract must be made and entered into with the intent to benefit the third-party. There is no evidence that appellant was anything more than an incidental beneficiary.

Appellant's third assignment of error is overruled.

■ In his fourth assignment of error, appellant claims that the state is estopped from denying its obligation to defend him in a medical malpractice case because he relied on a representation that the state did not require Annashae to provide medical malpractice insurance and that the state would provide such coverage. The principle of estoppel does not apply against the state or its state agencies in the exercise of a governmental function. *State ex rel. Cooker Rest. Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 686 N.E.2d 238. Appellant's fourth assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and BOWMAN, JJ., concur.