## HALLEY

### v.

### OHIO BOARD OF NURSING.

Court of Claims of Ohio.

No. 92–01165.

Decided May 20, 1999.

*Charles H. Wilson,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Gregg H. Bachmann,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

In her complaint, plaintiff alleges that defendant negligently detained her and subsequently caused her to be searched and arrested. Defendant denies liability.

A bifurcated trial was held on the issues of liability and whether Timothy Faulk is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by counsel.

On September 13, 1991, plaintiff was a licensed practical nurse and was employed as a staff nurse at the Heartland of Hillsboro nursing home. Plaintiff's duties included patient care, records maintenance, and dispensing medication. In

the spring of 1991, Heartland's director of nursing, Connie Adams, began to conduct random medication audits due to suspicions that medications were being diverted from patients. Specifically, Adams began to monitor the dispensing of Tylenol 3 and Valium, both of which are considered controlled substances. Members of the nursing staff were unaware of the audits. Adams discovered that discrepancies in medication counts were occurring within twenty-four hours of plaintiff's shift. In August 1991, Adams contacted Faulk, defendant's nursing enforcement agent, who began an investigation surrounding the missing medications and plaintiff's personal prescription history. Faulk was concerned that plaintiff was diverting patient medication for her own personal use.

On September 13, 1991, Faulk went to the nursing home and interviewed plaintiff while Adams conducted a medication count. Faulk maintains that plaintiff was free to leave the interview at any point, although he did advise her that it would be in her best interest to stay. Plaintiff testified that she did not attempt to leave the room during the interview and that Faulk did not restrain her, nor did he lock the door. During the interview, Adams interrupted and informed Faulk that medication was missing for a patient under plaintiff's care on the current shift. Plaintiff asserted that she gave the medication to the patient. However, plaintiff admitted that she was unaware that the physician had changed the patient's medication order. As a result, plaintiff was not authorized to dispense the medication.

Although it is not clear from the testimony who made the call, someone summoned the Hillsboro Police Department. As a result of plaintiff's admission concerning the improperly administered medication, Faulk informed the police officer that he was willing to file an affidavit regarding plaintiff's practicing medicine without a license in violation of R.C. 4731.41. The officer transported plaintiff to the police station.

Plaintiff was detained by the police for approximately two hours. Although plaintiff refused to allow Faulk to examine the contents of her purse during the interview, she allowed the police to do so at the police station. Upon examination, it was discovered that plaintiff had medications in her possession for which she did not have a prescription. Plaintiff refused to post bond, but was allowed to leave on a recognizance bond. At some point during the process, Faulk completed an affidavit and signed a criminal complaint. The matter was referred to the Hillsboro City Law Director, Fred Beery, who testified that he believed a prima facie case existed. However, the case against plaintiff was later dismissed by the Hillsboro Municipal Court.

■ Initially, the court renders the following determination regarding the civil immunity status of Timothy Faulk pursuant to R.C. 2743.02(F) and 9.86.

R.C. 2743.02(F) reads as follows:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

R.C. 9.86 states:

"[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damages or injury caused in the performance of his duties, unless the officer's or employee's actions were *manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

Based upon the aforementioned facts, the court finds that Faulk's actions were not motivated by malice or bad faith, nor did he act in a wanton or reckless manner. Furthermore, the court finds that his actions were not manifestly outside the scope of his employment as a nursing enforcement agent. Consequently, Timothy Faulk is entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86 and the courts of common pleas do not have jurisdiction over a civil action against him based upon his actions and inactions in this case.

■ Plaintiff's claim is one sounding in negligence. Specifically, plaintiff states in paragraph 3 of her amended complaint that "Defendant, Timothy Faulk, on or about the 13th day of September, 1991, negligently and without probable cause detained this plaintiff of her liberty [and] caused her to be searched and subsequently arrested." In order for plaintiff to prevail on her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469.

■ The court finds that Faulk, acting on behalf of defendant, conducted the interview of plaintiff as part of an ongoing investigation that was initiated as a result of the Heartland's staff's seven-month investigation and subsequent complaint to defendant. Defendant was acting pursuant to the statutory authority

vested in it by R.C. 4723.28.[1]  Furthermore, R.C. 4723.28(E) states that "[t]he board *shall* investigate" (emphasis added).  The use of the word "shall" mandates that defendant conduct an investigation whenever evidence appears to show a violation.  Defendant was merely acting pursuant to a legislative mandate to investigate what appeared to be a violation of plaintiff's duty as a licensed practical nurse.  The court finds that Faulk did not detain plaintiff during the interview.  Therefore, based upon the totality of the evidence, the court finds that defendant acted reasonably under all circumstances involving plaintiff.

Based upon the reasons contained in the foregoing decision, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant was negligent in this matter and judgment shall be rendered in favor of defendant.

## JUDGMENT ENTRY

The court has considered the evidence and rendered a decision filed herein. Judgment is rendered in favor of defendant.  Additionally, the court finds that Timothy Faulk is entitled to civil immunity pursuant to R.C. 9.86.  Therefore, the courts of common pleas do not have jurisdiction over a civil action against him based upon his actions and inactions in this case.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.

---

1.  R.C. 4723.28(B) states:

"The board of nursing, pursuant to an adjudication conducted under Chapter 119. of the Revised Code and by a vote of a quorum, may impose one or more of the following sanctions: * * * .  The sanctions may be imposed for any of the following:

"* * * *

"(5) Selling, giving away, or administering drugs for other than legal and legitimate therapeutic purposes * * * ."

R.C. 4723.28(E) states: "The board *shall* investigate evidence that appears to show that any person has violated any provision of this chapter or any rule of the board.  Any person may report to the board any information the person may have that appears to show a violation of any provision of this chapter or rule of the board.  * * * " (Emphasis added.)