DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Beverly Ewing, appeals from the judgment of the Summit County Court of Common Pleas dismissing her complaint alleging a violation of the federal Family Medical Leave Act ("FMLA"). We affirm.
 I. {¶ 2} Appellant was employed by Appellee, the University of Akron, as an administrative assistant. Her employment was terminated on July 19, 2001. Subsequently, she filed a complaint in the Summit County Court of Common Pleas alleging that she had been discharged in violation of the FMLA. Appellee moved to dismiss the complaint pursuant to Civ.R. 12(B)(1) on the grounds that the Court of Common Pleas lacked subject matter jurisdiction over Appellant's claim. Appellant opposed the motion to dismiss, contending that the FMLA enabled employees to sue for damages in any federal or state court. The trial court granted the motion to dismiss, noting that pursuant to R.C. 2743.03 the Ohio Court of Claims had exclusive, original jurisdiction over all claims against the state permitted by the waiver of sovereign immunity contained in R.C. 2743.02. Appellant timely appealed the judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court prejudicially erred when it granted the appellee public employer's motion to dismiss pursuant to Ohio Civil Rule 12(b)(1) as the court of common pleas held proper jurisdiction over the appellant public employee's FMLA case and as a matter of supreme federal law[.]"
 {¶ 3} Appellant argues that the FMLA cannot be construed in a manner such that suits against the state can only be brought in the Court of Claims. We disagree.
 {¶ 4} The FMLA provides that "[a]n action to recover the damages or equitable relief * * * may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction[.]" 29 U.S.C. § 2617(a)(2). Appellee concedes and we recognize that the University of Akron can be sued under the FMLA as an instrumentality of the state. See Miller v. Wasington State Community College (June 26, 1997), 121 Ohio App.3d 78. Appellant contends that the quoted FMLA language grants employees the right to sue in any state court. However, R.C. 2743.03(A)(1) provides:
"There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims."
 {¶ 5} Appellant argues that despite the language of R.C.2743.03(A)(1), the Court of Common Pleas has jurisdiction and that Hibbs should control this Court's decision. See Nev.Dept. of Human Res. v. Hibbs (2003), 538 U.S. 721. However, the U.S. Supreme Court in Hibbs held that state employees may recover money damages in federal court because29 U.S.C. § 2612(a)(1)(C) validly abrogated state sovereign immunity. Id.Hibbs contains no discussion of the issues presented to this Court. Therefore, Appellant's contention that Hibbs is controlling lacks merit.
 {¶ 6} Appellant further contends that the FMLA conferred jurisdiction upon the Court of Common Pleas by granting jurisdiction to any state court of competent jurisdiction. However, the Court of Claims Act contains language that is clear and unambiguous. Boggs v. State (1983), 8 Ohio St.3d 15, 16. The Act prohibits suits against the state for monetary damages in any state court other than the Court of Claims. Id. at 17. Inasmuch as this cause of action involves a civil suit for money damages against an instrumentality of the state, the Court of Claims has original, exclusive jurisdiction. Therefore, the Summit County Court of Common Pleas lacked subject matter jurisdiction over this claim and dismissal pursuant to Civ.R. 12(B)(1) was proper. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 7} Appellant's sole assignment of error is overruled, and the judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., concur.