BARR et al., Appellants,

v.

JONES et al., Appellees.

[Cite as *Barr v. Jones*, 160 Ohio App.3d 320, 2005-Ohio-1488.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2004–CA–00254.

Decided March 29, 2005.

John C. Pierson, for appellants.

Kristina Erlewine and James A. Carr, for appellee.

---

GWIN, Presiding Judge.

{¶ 1} Appellants Roy E. Barr et al. appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed their complaint against defendants Christopher Jones, Director of the Ohio Environmental Protection Agency and the state of Ohio. Appellants assign two errors to the trial court:

{¶ 2} "I. The trial court erred in concluding that the Court of Claims has exclusive jurisdiction to this matter.

{¶ 3} "II. The trial court erred in holding that plaintiffs' claim for money damages was properly formed so as to prevent jurisdiction in the court of common pleas for plaintiffs' request for injunctive relief."

{¶ 4} The record indicates that appellant Barr filed a complaint as an individual, as CEO of Meadowlake Corporation, and as a member of Meadowlake Limited, LLC. The complaint alleged that the Ohio Environmental Protection Agency had engaged in numerous enforcement actions against the plaintiff without basis in fact or law. The complaint included a demand for an unstated amount of damages, plus punitive damages and costs, and requested that the court prohibit appellees from interfering with the business. The complaint alleged that the Director, Christopher Jones, and the Ohio EPA had conducted a vendetta against Barr and his businesses, including threats, harassment, a raid on the businesses, overt and covert attacks on the food service license, and other premeditated malicious acts, for which there was no basis in fact or law.

{¶ 5} Appellees' motion to dismiss urged the court that the Ohio EPA and the state could not be sued for damages in common pleas court, that appellee Jones has qualified immunity as Ohio's EPA Director, and that the plaintiff corporation and limited liability company could not proceed pro se, but must be represented by counsel.

{¶ 6} The trial court issued an order directing the appellant companies to obtain counsel and to file an amended complaint within 14 days. After securing an extension of time, trial counsel filed a notice of appearance on behalf of the corporation and the limited liability company. However, none of the plaintiffs filed an amended complaint, but rather responded to the motion to dismiss.

{¶ 7} The trial court's judgment entry found that it lacked subject matter jurisdiction over the complaint, because, pursuant to R.C. Chapter 2743, exclusive jurisdiction over these matters was vested in the Ohio Court of Claims.

{¶ 8} Both of appellants' assignments of error are interrelated, and we will address them together for purposes of clarity.

{¶ 9} R.C. Chapter 2743 vests the Court of Claims with exclusive original jurisdiction over suits for damages against the state and its agencies.

{¶ 10} Appellants' complaint was captioned "complaint for compensation for plaintiffs." The demand for relief states that "plaintiffs should be awarded a minimum sum of damages ($00,000,000.00) [sic], plus treble punitive damages, all of plaintiff's costs related to this complaint (including but not limited to attorney fees already incurred, plus attorney fees for this complaint, expert witness fees, consulting fees, and other costs of the action)." Appellees urge that it is nonsensical to construe this to mean that the appellants were seeking no damages, or only nominal damages, and appellees propose that the demand contains a typographical error. Appellees also urge that a prayer for attorney fees incurred before the filing of the complaint constitutes a claim for money damages. See, e.g., *Cullen v. Ohio Dept. of Rehab. & Corr.* (1998), 125 Ohio App.3d 758, 709 N.E.2d 583.

{¶ 11} The Civil Rules do not generally require plaintiffs to specify the amount of damages sought, but rather provide that if a party seeks more than $25,000, the party shall so state in the pleading, but not specify in the demand for judgment the amount of recovery sought. However, appellants' complaint does not allege damages greater than $25,000.

{¶ 12} We find that contrary to appellants' argument, the complaint does contain a prayer for money damages in addition to what we construe as injunctive relief.

{¶ 13} Appellants also urge that the Court of Claims lacks jurisdiction over their complaint because the enforcement action they challenge involved a high

degree of discretion by the Ohio EPA. Appellants cite no case law on point, but refer to a line of cases that discuss waiver of sovereign immunity, not jurisdiction of a court of common pleas to hear such cases. We agree with appellees that where, as here, a party seeks damages from the state or its agents, the Court of Claims is the proper forum.

{¶ 14} Both of appellants' assignments of error are overruled.

{¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Judgment affirmed.

WILLIAM B. HOFFMAN, J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, Judge, concurring.

{¶ 16} While I concur with the majority's disposition of appellants' assignments of error, I disagree with the majority's assertion that "where, as here, a party seeks damages from the state or its agents, the Court of Claims is the proper forum."

{¶ 17} R.C. 2743.02 states as follows: "(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." Thus, while an action initially is commenced in the Court of Claims, the Court of Claims may determine, after reviewing the same, that the court of common pleas has jurisdiction over the matter. Thus ultimately, the Court of Claims may or may not be the proper forum for an action, such as appellants', that seeks damages from the state or its agents.