OPINION
{¶ 1} Plaintiff-appellant, Bla-Con Industries ("Bla-Con"), appeals a decision of the Butler County Court of Common Pleas granting the dismissal motion of defendant-appellee, Miami University ("Miami"), in a breach of contract action. For the reasons outlined below, we affirm.
 {¶ 2} On March 29, 2001, Bla-Con contracted with Miami to install and upgrade fire alarm systems in three residence halls owned by Miami. During the course of its performance on the contract, Bla-Con had to alter its work from that originally required by the *Page 2 
contract. On one occasion, Miami requested that Bla-Con alter its work after more detailed structural diagrams of the residence halls became available. On another occasion, Miami requested that Bla-Con alter its work to conform with instructions from Miami's fire marshal following an inspection. Both times Bla-Con complied, modifying work already performed and reworking its construction plans.
 {¶ 3} Upon completion of the project, Bla-Con submitted change orders to Miami requesting payment for additional materials and labor costs incurred as a result of the alterations to the project. Miami refused to pay for the additional expenses. After disputing the denial through the contractually requisite university channels, Bla-Con filed suit against Miami in November 2005 in the Ohio Court of Claims. Miami then filed a motion to dismiss the complaint, largely based upon the two-year statute of limitations on actions brought in the Court of Claims. Bla-Con voluntarily dismissed the complaint in January 2006.
 {¶ 4} In March 2006, Bla-Con filed a complaint against Miami in the Butler County Court of Common Pleas. The complaint asserted claims for breach of contract and quantum meruit and prayed for damages in the amount of $406,301. In April 2006, Miami moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. In a decision dated May 9, 2006, the trial court granted Miami's motion on the basis that the Court of Claims had exclusive jurisdiction over the matter. Appellant timely appeals, raising the following assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN SUSTAINING THE DEFENDANT-APPELLEE'S MOTION TO DISMISS THE COMPLAINT."
 {¶ 6} Bla-Con contends that the trial court improperly dismissed its complaint because the trial court had subject matter jurisdiction over the complaint.
 {¶ 7} We conduct a de novo review of a trial court's decision on a motion to dismiss a *Page 3 
complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, ¶ 13. This involves a determination of whether the complaint raised any cause of action cognizable by the forum in which it was filed. State exrel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80.
 {¶ 8} The Ohio Constitution provides that lawsuits against the state of Ohio can only be brought in such courts and in such manner as may be provided by law. Section 16, Article I, Ohio Constitution. The Court of Claims Act, promulgated in 1975 and codified at R.C. Chapter 2743, provided both the court and the manner in which suits against the state could be brought. The Act waived the state's immunity from suit and created the Court of Claims, which has exclusive, original jurisdiction over all suits permitted by the Act. See R.C. 2743.02(A)(1)[1] and2743.03(A)(1).[2]
 {¶ 9} The Act provides a number of exceptions to the exclusive jurisdiction of the Court of Claims. R.C. 2743.02(A)(1) states, in pertinent part: "* * * [t]o the extent that the state has previously consented to be sued, this chapter has no applicability." Accordingly, the Court of Claims does not have exclusive, original jurisdiction over claims from which the state was not immune prior to the effective date of the Act. Such claims can also be filed in courts that would have jurisdiction had the defendant been a private party. See, e.g.,Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93.
 {¶ 10} The resolution of this appeal turns upon whether the Butler County Court of Common Pleas has concurrent jurisdiction over this case, or whether the Court of Claims has *Page 4 
exclusive subject matter jurisdiction over the matter. Bla-Con maintains that the state subjected itself to breach of contract claims prior to the institution of the Act and therefore, based upon the consent-to-suit provision in R.C. 2743.02(A)(1), the state may be sued in common pleas court for breach of contract.
 {¶ 11} A key purpose of the Court of Claims Act was to centralize the filing and adjudication of claims against the state. Friedman v.Johnson (1985), 18 Ohio St.3d 85, 87 88. As such, any exceptions to the Court of Claims' exclusive jurisdiction should be strictly and narrowly construed. Id. This includes Bla-Con's assertion that the state consented to be sued in common pleas court for breach of contract.
 {¶ 12} A review of case law reveals that Ohio courts have repeatedly held that the Court of Claims retains exclusive jurisdiction over complaints against the state seeking monetary damages. See, e.g.,Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24, 30;Friedman at 87; Boggs v. State (1983), 8 Ohio St.3d 15, 17; Barr v.Jones, 160 Ohio App.3d 320, 2005-Ohio-1488, ¶ 9; Ewing v. Univ. ofAkron, Summit App. No. 22005, 2004-Ohio-4442, ¶ 6; Zelenak v. Indus.Comm. of Ohio, 148 Ohio App.3d 589, 2002-Ohio-3887, ¶ 14; Parker v.Giant Eagle, Inc., Mahoning App. No. 01 C.A. 174, 2002-Ohio-5212, ¶ 24-27. Regarding contract claims against the state, Ohio case law establishes that "[a] direct action on a contract with the state, seeking monetary relief from the state, must be commenced and prosecuted in the Court of Claims and cannot be brought in the Court of Common Pleas." State ex rel. Ferguson v. Shoemaker (1975), 45 Ohio App.2d 83,96. See, also, Rable v. Ohio Dept. of Adm. Servs., Allen App. No. 1-02-062, 2003-Ohio-1539, ¶ 5; Hershman v. Henning (July 5, 1985), Lucas App. No. L-84-410, 1985 WL 7526, at *2.
 {¶ 13} Furthermore, the General Assembly specifically provided that cases such as the one before this court are to be brought in the Court of Claims. R.C. 153.12(B) provides redress for contractors seeking to recover against the state for breach of contract claims *Page 5 
premised upon public contracts. The statute explicitly provides that such suits are to be brought in the Court of Claims:
 {¶ 14} "If a dispute arises between the state and a contractor concerning the terms of a public improvement contract let by the state or concerning a breach of the contract, and after administrative remedies provided for in such contract and any alternative dispute resolution procedures provided in accordance with guidelines established by the director of administrative services are exhausted, the contractor may bring an action to the court of claims in accordance with Chapter 2743 of the Revised Code." R.C. 153.12(B).
 {¶ 15} Bla-Con relies upon the use of the word "may" in the phrase "the contractor may bring an action to the court of claims" (emphasis added), interpreting the use of the permissive word "may" to mean a breach of contract claim may be brought in either the Court of Claims or the common pleas court. We disagree. The use of the word "may" in R.C.153.12(B) means that the contractor is not required to bring suit. A contractor may or may not file suit, but if it does so, it must file suit in the Court of Claims. In other words, the contractor has discretion in whether or not to file suit against the state for an alleged breach of a public improvement contract. The Court of Claims Act clearly provides that such civil actions against the state, that are permitted by the Act, are to be brought in the Court of Claims. Therefore, should a contractor choose to file suit against the state, the proper forum is the Court of Claims.
 {¶ 16} The Court of Claims examined R.C. 153.12(B) in the case ofKirk Williams Co. v. Ohio Dept. of Adm. Servs. (Ct.Claims 1989),61 Ohio Misc.2d 745. Bla-Con cites this case for the proposition that the state forfeits any sovereign immunity when it electively enters a contract in its business capacity. However, in Kirk Williams, the Court of Claims determined that it had jurisdiction over a breach of contract claim brought by a contractor against the Ohio Building Authority. Id. at 750. In analyzing cases decided prior to the enactment of the *Page 6 
Court of Claims Act, the court noted that, "[b]ased upon the principle of mutuality and the federal and state constitutional prohibitions against making laws impairing the obligations of contracts, the state of Ohio has always been amenable to suit to enforce obligations which it has freely and lawfully entered into." Id. at 748.
 {¶ 17} The court went on to explain that contract actions against state agency defendants prior to the Court of Claims Act were typically resolved by two methods. One method was by an action in mandamus, in prohibition, or in quo warranto. Another method was by presenting a claim to the Sundry Claims Board. This nonjudicial committee operated in conjunction with the legislature to resolve claims against the state of Ohio "for the payment of which no monies have been appropriated." Id., citing 107 Ohio Laws 532; G.C. 270-6; former R.C. 127.11.
 {¶ 18} As the Kirk Williams court noted, neither of the above two methods involved an abrogation of sovereign immunity in resolving contract actions against the state. As such, the court recognized that "[t]he question remains whether individuals who contracted with the state had a cause of action for breach of contract in the courts of common pleas." Id. at 749. The court declined to address the issue. Citing the Court of Claims Act and R.C. 153.12(B), the court concluded that the legislature granted the Court of Claims exclusive jurisdiction over claims concerning conflicts between the state and contractors which involved public improvement contracts. Id. at 750.
 {¶ 19} We conclude that statutory law and case law demonstrate that complaints against the state for money damages are within the original, exclusive jurisdiction of the Ohio Court of Claims. As such, Bla-Con's complaint does not raise any cause of action cognizable by the Butler County Court of Common Pleas. The common pleas court properly dismissed Bla-Con's complaint for lack of subject matter jurisdiction. Bla-Con's first assignment of error is overruled. *Page 7 
 {¶ 20} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] R.C. 2743.02(A)(1) provides, in relevant part: "The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * * ."
[2] R.C. 2743.03(A)(1) provides, in relevant part: "The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * * ." *Page 1