**[Cite as *Rose v. Whitney*, 2020-Ohio-5358.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BERNARD J. ROSE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28792 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-3056 |
| | : | |
| RICHARD WHITNEY, M.D. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of November, 2020.

. . . . . . . . . . .

BERNARD J. ROSE, 1318 Laurelwood Road, Kettering, Ohio 45409
        Plaintiff-Appellant, Pro Se

KATHERINE J. BOCKBRADER, Atty. Reg. No. 0066472 and EMILY A. PELPHREY, Atty.
Reg. No. 0077482, Ohio Attorney General's Office, 30 East Broad Street, 26th Floor,
Columbus, Ohio 43215
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Bernard J. Rose appeals pro se from the trial court's order dismissing his complaint against defendant-appellee Richard Whitney for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 2} The record reflects that Rose is a medical doctor licensed by the Ohio State Medical Board. Based on its belief that Rose's ability to practice medicine might be impaired due to substance abuse, the Board engaged Whitney to examine Rose. Whitney conducted the examination and provided the Board with an evaluation report. Whitney was acting as an agent of the Board pursuant to a written contract when he conducted the examination and provided the report.

{¶ 3} In April 2018, Rose filed a pro se malpractice complaint against Whitney in Montgomery County Common Pleas Court. The complaint alleged that in April 2013 Whitney had negligently examined Rose, had reviewed Rose's medical records, and had misdiagnosed alcohol dependence. Whitney moved to dismiss the complaint on the basis that he was an agent of the Board and, thus, was acting on behalf of the State of Ohio. Therefore, he argued that the action initially was required to be filed in the Ohio Court of Claims. In a decision and entry filed on July 3, 2018, the trial court agreed, finding that under R.C. 2743.02 the Court of Claims had exclusive, original jurisdiction to determine whether Whitney was immune under R.C. 9.89 and whether the trial court had jurisdiction. As a result, the trial court dismissed Whitney's complaint for lack of subject-matter jurisdiction.

{¶ 4} Over a year after dismissal of the first complaint, Rose responded by filing an August 19, 2020 complaint, which led to the present appeal. Although this complaint

was similar to the prior one, Rose contends it included a new "fraud" claim. The essence of the fraud allegation was that Whitney's April 2013 report of the examination indicated Rose had good visual acuity and no visual abnormalities when in fact Rose had a blind spot in one eye. Rose asserted in his complaint that this fraud allegation deprived Whitney of immunity under R.C. 4731.98, which grants immunity to agents of the Ohio State Medical Board in the absence of fraud or bad faith. Based on the fraud allegation, Rose's complaint also alleged that the trial court had subject-matter jurisdiction.

{¶ 5} In response to the refiled complaint, Whitney again moved for dismissal under Civ.R. 12(B)(1). The trial court again held that under R.C. 2743.02, the Ohio Court of Claims had exclusive, original jurisdiction to determine whether Whitney was immune under R.C. 9.89 and whether the trial court had jurisdiction. The trial court agreed with Whitney that Rose's fraud allegation did not divest the Court of Claims of exclusive, original jurisdiction. As a result, the trial court dismissed the refiled complaint. This appeal followed.

{¶ 6} Although Rose's pro se brief lacks assignments of error and fails to comply with the requirements of App.R. 16, he argues that his fraud allegation deprived Whitney of immunity under R.C. 4731.98 and divested the Court of Claims of its exclusive, original jurisdiction.

{¶ 7} When deciding a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a trial court must determine whether the pending action is one the court has "authority to decide." *Vinson v. Triumph Glass*, 149 Ohio App.3d 605, 2002-Ohio-5596, 778 N.E.2d 149, ¶ 7 (2d Dist.), citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health,* 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist. 2000). A trial court is not

limited to the allegations in a complaint when determining its subject-matter jurisdiction. *Id.* Our review of a trial court's jurisdictional determination is de novo. *Id.*

{¶ 8} With the foregoing standards in mind, we see no error in the trial court's dismissal of Rose's complaint. We begin our analysis with R.C. 9.86, which grants statutory immunity to state employees except in limited circumstances. It provides:

[N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 9} Another statute, R.C. 2743.02(F), provides that the immunity determination under R.C. 9.86 must be made by the Ohio Court of Claims. It states:

A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. * * *

{¶ 10} The upshot of the foregoing two statutes is that individuals are immune from

civil liability for damages unless they acted outside the scope of their employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. And if a lawsuit alleges the existence of one of these exceptions, it must be filed in the Court of Claims, which possesses exclusive, original jurisdiction to determine, as a threshold matter, whether the individual is entitled to immunity under R.C. 9.86 and whether the Court of Common Pleas has jurisdiction over the action.

{¶ 11} Here Rose does not challenge whether Whitney qualifies as a state "employee" for purposes of R.C. 9.86 and R.C. 2743.02(F). The latter statute references R.C. 109.36, which provides that the "state" includes all "boards" of the state. This would include the Ohio State Medical Board. The Board's contract with Whitney expressly recognized that he was acting as an agent of the Ohio State Medical Board, i.e., the "state." Whitney notes that under R.C. Chapter 2743 when "a party seeks damages from the state or its agents, the Court of Claims is the proper forum." *Barr v. Jones*, 160 Ohio App.3d 320, 2005-Ohio-1488, 827 N.E.2d 348, ¶ 13 (5th Dist.); *see also Boutros v. Noffsinger*, 8th Dist. Cuyahoga No. 91446, 2009-Ohio-740 (holding that lawsuit brought against psychiatrist appointed by state medical board to examine and evaluate plaintiff doctor was required to be filed in Court of Claims because psychiatrist was an agent of the state); *Halley v. Ohio Bd. of Nursing*, 99 Ohio Misc.2d 102, 716 N.E.2d 799 (Ct of Cl.1999) (court of claims decision finding defendant, an agent of state nursing board, immune under R.C. 2743.02(F) and R.C. 9.86).

{¶ 12} Although R.C. 2743.02(F) grants the Court of Claims exclusive, original jurisdiction to determine whether an individual is entitled to immunity under R.C. 9.86, Rose argues that he *is not* seeking to deprive Whitney of immunity under R.C. 9.86. As

set forth above, R.C. 9.86 grants Whitney immunity unless he acted outside the scope of his employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. Rose contends he is not attempting to deprive Whitney of immunity on any of these grounds. Instead, Rose's complaint alleges that Whitney engaged in *fraud*. Rose cites a second immunity statute, R.C. 4731.98, which addresses agents of the Ohio State Medical Board and provides:

> In the absence of fraud or bad faith, the state medical board, a current or former board member, an agent of the board, a person formally requested by the board to be the board's representative, an employee of the board, or a provider of educational and assessment services selected by the board for the quality intervention program shall not be held liable in damages to any person as the result of any act, omission, proceeding, conduct, or decision related to official duties undertaken or performed pursuant to this chapter. * * *

{¶ 13} Rose argues that the fraud allegation in his complaint seeks to deprive Whitney of immunity under R.C. 4731.98, not R.C. 9.86. In the absence of a statute granting the Court of Claims exclusive, original jurisdiction to determine whether Whitney is immune under R.C. 4731.98, Rose argues that the trial court had subject-matter jurisdiction to make this determination.

{¶ 14} Upon review, we find Rose's argument to be unpersuasive. As an initial matter, we note that R.C. 4731.98 is a more specific statute than R.C. 9.86. In particular, R.C. 4731.98 grants immunity to individuals like Whitney who work as agents of the Ohio State Medical Board. We note, however, that R.C. 9.86 expressly contemplates multiple

immunity provisions being applicable to covered individuals. Indeed, R.C. 9.86 states that it "does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law." We note too that R.C. 9.86 and R.C. 4731.98 do not conflict. Although the immunity language of the two provisions differs, we see no reason why both statutes cannot be given effect.[1] That is particularly true in the present case.

{¶ 15} Rose maintains that he is seeking to deprive Whitney of immunity under R.C. 4731.98, which strips agents of the Ohio State Medical Board of immunity when they engage in fraud. Rose further argues that the immunity provided by R.C. 9.86 is not implicated because R.C. 9.86 does not list "fraud" as an exception to immunity. We find this argument to be unpersuasive.

{¶ 16} Contrary to Rose's assertion, R.C. 4731.98 and R.C. 9.86 both deny immunity to individuals who engage in fraudulent conduct. As set forth above, R.C. 4731.98 does so explicitly. As for R.C. 9.86, it does not list "fraud" as an exception to the immunity it provides. Rather, R.C. 9.86 states that individuals are immune from liability unless they act outside the scope of their employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. As used in R.C. 9.86, however, "bad faith" encompasses instances of actual or constructive fraud. *Webber v. Ohio Dept. of Pub. Safety*, 2017-Ohio-9199, 103 N.E.3d 283, ¶ 48 (10th Dist.). Thus, insofar as R.C. 9.86

---

[1] If a special provision and a general provision conflict, "they shall be construed, if possible, so that effect is given to both." R.C. 1.51. If the conflict is irreconcilable, the special provision "prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." Based on the reasoning set forth above, we see no irreconcilable conflict between R.C. 9.86 and R.C. 4731.98 in this case.

and R.C. 4731.98 both deprive individuals of immunity for acts involving bad faith/fraud, we believe Rose was required to file suit in the Court of Claims. Rose's allegation of fraud implicates the immunity provided by R.C. 9.86 as much as it does the immunity provided by R.C. 4731.98. That being so, we find applicable R.C. 2743.02(F), which grants the Court of Claims exclusive, original jurisdiction to determine whether Whitney is immune from liability under R.C. 9.86. Even if we accept that no analogous statute grants the Court of Claims exclusive jurisdiction to determine immunity under R.C. 4731.98, the fact that the Court of Claims alone must determine immunity under R.C. 9.86 militates against allowing a proceeding in the Common Pleas Court to resolve essentially the same issue under R.C. 4731.98.

{¶ 17} Based on the reasoning set forth above, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Bernard J. Rose
Katherine J. Bockbrader
Emily A. Pelphrey
Hon. Mary E. Montgomery