# CINCINNATI STREET RAILWAY COMPANY *v.* SNELL.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 110. Argued November 15, 1900.—Decided December 17, 1900.

The judgment of a state court, reversing the judgment of an inferior court, on account of its refusal to change the venue of the action, and remanding the case for further proceedings, is not a final judgment to which a writ of error will lie.

THIS was an action of tort instituted by Snell in the Court of Common Pleas of Hamilton County, Ohio, against the Street Railway Company, to recover damages for personal injuries alleged to have been caused by its negligence.

On November 27, 1896, plaintiff Snell made a motion for a change of venue, and in support thereof filed his own affidavit as well as the affidavits of five other persons, in compliance with the following section of the Revised Statutes of Ohio:

"SEC. 5033. When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties."

This motion was overruled and an exception taken on January 28, 1897. A bill of exceptions was allowed and filed, showing what had occurred upon the motion so overruled.

The case came on for trial before a jury, and resulted in a verdict in favor of the Railway Company. Motion for a new trial was made and overruled, and judgment entered for the defendant upon the verdict.

After this judgment upon the merits, proceedings in error were begun and prosecuted in the state Circuit Court, sitting in Hamilton County, to reverse the judgment by reason of the refusal of the Court of Common Pleas to change the venue under the section of the statute above quoted. By leave of the Circuit Court, the Railway Company filed an amendment to its answer, wherein it alleged, among other things, that section 5033 was in conflict with the Fourteenth Amendment to the Constitution of the United States. The judgment of the Court of Common Pleas was affirmed by the Circuit Court, July 18, 1898, whereupon Snell began a proceeding in the Supreme Court of the State to reverse the judgment of the Circuit Court, the only error assigned being to the judgment of the Circuit Court affirming the judgment of the Court of Common Pleas denying a change of venue.

On May 9, 1899, the Supreme Court of Ohio rendered the following judgment: "On consideration whereof it is ordered and adjudged by this court that the judgment of the state Circuit Court be, and the same is hereby, reversed with costs; and proceeding to render the judgment which the court should have rendered, it is considered and adjudged that the judgment of the Court of Common Pleas be, and the same is hereby, re-

versed, with costs, for error in overruling the motion of the plaintiff for a change of venue. It is further considered and adjudged that the plaintiff in error recover of defendant in error his costs in this court and in the Circuit Court expended, to be taxed, and that the case be remanded to the Court of Common Pleas, with directions to grant the change of venue, and for further proceedings according to law." 60 Ohio St. 256.

*Mr. J. W. Warrington* for plaintiff in error. *Mr. E. W. Kittredge* was on his brief.

*Mr. Thomas L. Michie* for defendant in error. *Mr. John W. Wolfe* was on his brief.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error must be dismissed for lack of finality in the order appealed from. We have held in too many cases even to justify citation, that a judgment reversing a case and remanding it for a new trial, or for further proceedings of a judicial character, is totally wanting in the requisite finality required to support a writ of error from this court. It is true that the order appealed from finally adjudges that a change of venue should have been allowed; but the same comment may be made upon dozens of interlocutory orders made in the progress of a cause. Indeed, scarcely an order is imaginable which does not finally dispose of some particular point arising in the case; but that does not justify a review of such order, until the action itself has been finally disposed of. If every order were final, which finally passes upon some motion made by one or the other of the parties to a cause, it might in some cases require a dozen writs of error to dispose finally of the case. Moreover, the action of the Railway Company in prosecuting this writ of error is somewhat inconsistent with its position in the Circuit Court, where in its answer it prayed that " since the order overruling the motion for a change of venue was interlocutory and not final, and since no other proceedings in error have been commenced herein, the present petition in error may be dismissed."

It is true that after the change of venue was denied, the case was tried upon the merits, and a verdict and judgment rendered for the defendant, of the benefit of which it was subsequently deprived; but it loses no right by acquiescing for the time being in the action of the state court, since, after judgment ultimately rendered, it may have a writ of error reaching back to the alleged error of the state court, if it involve a Federal question. The case is not unlike that of the refusal of a state court to permit the removal of a cause to the Circuit Court of the United States, or the action of the latter in remanding or refusing to remand. Such removal, although affirmed by the Supreme Court of the State, does not authorize a writ of error from this court until after final judgment, when, if the removal be found to have been erroneous, the subsequent proceedings in the state court go for naught. *Railroad Co. v. Wiswall,* 23 Wall. 507; *Moore v. Robbins,* 18 Wall. 588; *Illinois Central Railroad v. Brown,* 156 U. S. 386. Whether in this case defendant's judgment will be reinstated, as it was originally entered, is a question which does not properly arise at this stage of the proceedings. It is sufficient to say that the order appealed from lacks every element of finality, and the writ of error is therefore

*Dismissed.*