TIMSON, APPELLANT, *v.* YOUNG, D.B.A. WESTERN RESERVE
INDUSTRIAL SALES COMPANY ET AL., APPELLEES.

(No. 80AP-662—Decided December 9, 1980.)

*Mr. John W. Timson, pro se.*

*Messrs. Roderick, Myers & Linton, Mr. Harry A. Tipping, Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., and Mr. Robert W. Sauter,* for appellees.

WHITESIDE, J. Defendants-appellees have filed a motion to dismiss this appeal upon the ground that it is not taken from a final appealable order.

Plaintiff-appellant, John W. Timson, purports to appeal from an order of the Court of Common Pleas of Franklin County transferring this action to the Court of Common Pleas of Summit County pursuant to Civ. R. 3(C)(1) upon the ground that venue is properly in that county (Summit County) pursuant to Civ. R. 3(B). A proceeding for a change of venue is not a special proceeding, *Snell* v. *Cincinnati Street Ry. Co.* (1899), 60 Ohio St. 256, appeal dismissed (1900), 179 U. S. 395; so, accordingly, to be appealable pursuant to R. C. 2505.02, the order must be one " * * * which in effect determines the action and prevents a judgment * * * ."

Clearly, the change of venue order does not determine the action, nor prevent a judgment in plaintiff's favor upon the merits. The issue of the propriety of the change of venue will be reviewable after a final judgment is entered in the case.

Accordingly, the appeal herein is not from a final ap-

pealable order and vests no jurisdiction in this court to determine the issues raised—even if we were to find venue to be proper in Franklin County.

For these reasons, the motion to dismiss is sustained, and this appeal is dismissed.

*Appeal dismissed.*

REILLY and McCORMAC, JJ., concur.