**STAVROU et al.**

**v.**

**CITY OF CLEVELAND, Appellant; Martich, Appellee.**

[Cite as *Stavrou v. Cleveland* (1989), 63 Ohio App.3d 714.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55624.

Decided Aug. 7, 1989.

*Richard D. McClure* and *Stanley Stein,* for Georgius H. Stavrou et al.

*Marilyn G. Zack,* Director of Law, and *Deborah Wenner LeBarron,* Assistant Director of Law, for appellant.

SAUL G. STILLMAN, Judge.

The city of Cleveland is appealing the order of the trial court requiring it to provide a defense to its employee, police officer John Martich, pursuant to R.C. 2744.07. Upon review of the record, we note that the decision appealed from is not a final appealable order. Therefore, since we are without jurisdiction to consider the merits of appellant's assignments of error, we are dismissing appellant's appeal and remanding this case to the trial court.

On July 14, 1986, Georgius H. Stavrou filed a complaint against the city of Cleveland and police officer John Martich. Plaintiff alleged in part (1) the city failed to properly instruct its employee in the use of firearms, and (2) the police officer recklessly or negligently shot him while reloading his revolver in the scope of his employment. Plaintiff later amended his complaint to include claims of his spouse.

The police officer answered, cross-claimed against the city and moved for declaratory relief pursuant to R.C. 2744.07 concerning his right to a defense by the city. After filing its answers, the city moved to dismiss the police officer's claim for declaratory relief. Following a hearing, the court denied the city's motion to dismiss and concluded the city was to pay for the police officer's defense. It is from this ruling that the city has appealed.

A "final appealable order" is defined as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02.

See *General Electric Supply Co. v. Warden Electric, Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195 (order denying stay of litigation pending arbitration is not final appealable order); *BancOhio Natl. Bank v. Rubicon Cadillac, Inc.* (1984), 11 Ohio St.3d 32, 11 OBR 111, 462 N.E.2d 1379 (order denying motion to dismiss for failure to join an indispensable party is not a final appealable order); *Timson v. Young* (1980), 70 Ohio App.2d 239, 24 O.O.3d 309, 436 N.E.2d 538 (order changing venue is not final appealable order). However, an order concerning the costs of litigation affects substantial rights and a declaratory judgment action is a special proceeding. *General Acc. Ins. Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, paragraphs one and two of the syllabus. In addition, the statute governing the effect of declaratory judgments provides that a court's declaration as to the rights between parties "has the effect of a final judgment or decree" (R.C. 2721.02). Thus, the trial court's determination of police officer Martich's right to a defense by the city is a final appealable order.

However, Civ.R. 54(B), which governs cases involving multiple parties and/or multiple claims, provides that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In this case, all of the substantive issues remain unresolved, including the issue of whether officer Martich was acting within the scope of his employment for purposes of plaintiffs' action. Since the trial court's declaratory order in favor of appellee Martich did not include an express determination that there is no just reason for delay in entering final judgment for appellee and since unadjudicated claims are outstanding, it is improper at this time for this court to consider the merits of appellant's appeal. See *Whitaker–Merrell Co. v. Carl M. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 58 O.O.2d 399, 280 N.E.2d 922; cf. *General Acc. Ins. Co. v. Insurance Co. of North America, supra.* To hold otherwise would only encourage unnecessarily fragmented appeals. Indeed, should the jury in plaintiffs' action conclude that officer Martich was acting within the course and scope of his employment

with the city, the issue raised herein would be rendered moot. See Contract Between City of Cleveland and Cleveland Police Patrolmen's Association, 7th Ed., Jan. 17, 1984, Article XXIX, paragraph (62)(a); R.C. 2744.07(A)(2).

The appeal herein is dismissed, and this cause is remanded to the trial court for further proceedings.

*Appeal dismissed.*

DAVID T. MATIA, P.J., and WIEST, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and MARK K. WIEST, J., of the Court of Common Pleas of Wayne County, sitting by assignment.