DECISION AND JUDGMENT ENTRY
Defendant-appellee, Standen Contracting Co., Inc. ("Standen"), has filed a motion to dismiss the appeal of Overhead, Inc. alleging that the order from which the appeal is taken is not a final appealable order. Overhead, Inc. responded with a memorandum in opposition to the motion.
In January 2001, Overhead, Inc. filed a complaint against Standen alleging breach of contract, money due on account, and unjust enrichment. Standen filed a motion to stay the action or in the alternative to dismiss the complaint for improper venue pursuant to a forum selection clause in the parties' contract. Overhead, Inc. opposed the motion. On August 24, 2001, the trial court ruled on Standen's motion in a judgment entry which holds that the forum selection clause in the contract is valid and, therefore, the parties' contract dispute should be litigated in Massachusetts. The judgment entry states:
 "Applying Civ.R. 3(D)[1] to the instant case, this Court has determined that no proper forum[2] for trial lies within the State of Ohio and there exists a proper forum for trial in another jurisdiction outside this state, specifically the State of Massachusetts. The Court further notes that the defendant consents to jurisdiction and venue in the State of Massachusetts, waives venue and agrees that the date of the commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in the State of Massachusetts.
 "Based on the foregoing, the Court `shall stay' the action for sixty days in order that the plaintiff may recommence the action in Massachusetts where a proper forum exists. * * * The court further holds in abeyance the Defendant's motion to dismiss Plaintiff's complaint for a period of sixty (60) days * * *.
 "It is therefore ORDERED, ADJUDGED and DECREED that defendant Standen Contracting Company, Inc.'s motion to stay the case for improper venue is granted.
 "It is further ORDERED, ADJUDGED and DECREED that the case is stayed for sixty days for plaintiff Overhead, Inc. to recommence the action in the State of Massachusetts.
 "It is further ORDERED, ADJUDGED and DECREED that defendant Standen Contracting Company Inc.'s motion to dismiss Overhead, Inc.'s complaint is held in abeyance for a period of sixty (60) days from the date of the Opinion and Judgment Entry." (Footnote ommitted.)
In its motion to dismiss this appeal, Standen states that "a grant or denial of a motion to transfer venue is not a final, appealable order." We first note that the trial court's order in this case did not transfer
the case to Massachusetts, it stayed the case in Ohio to allow the plaintiff to file in Massachusetts. "It must be remembered that transfer
of an action within the Ohio judicial system involves considerations wholly separate from a conditional dismissal and refiling outside Ohio."Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio
St.3d 123 at 131-132. Therefore, we must decide whether the trial court's order which stayed the case for sixty days can be appealed now or must appellant wait until the case is actually dismissed before an appeal can be filed? In Zeeb, Inc. v. Southern Steel Co. (Mar. 17, 1986), Clark App. No. CA-2132, unreported, the court held that the stay order is, "[b]y its own terms * * * devoid of the finality necessary to confer appellate jurisdiction (R.C. 2505.02)." However, in 1998, the Second Appellate District reversed its position and held that an order enforcing a forum selection clause was appealable after the trial court granted a sixty day stay. Vintage Travel Services, Inc. v. White Heron Travel ofCincinnati, Inc. (May 22, 1998), Montgomery App. No. 16433, unreported. The Fifth Appellate District reached the same conclusion years earlier inClark v. Consol. Foods Corp. (Dec. 13, 1978), Stark App. No. CA 4906, unreported, where the court stated:
 "At the outset, this court determines that the judgment of the trial court is a final appealable order. The judgment entry requires plaintiffs to proceed in a forum outside the State of Ohio or in the alternative the action is to be dismissed without prejudice. The practical effect of this judgment is to preclude plaintiffs, residents of Ohio, from pursuing a legal remedy in the courts of Ohio; consequently, a substantial right of the appellants is adversely affected."
Standen cites Duryee v. Rogers (Dec. 16, 1999), Cuyahoga App. No. 74963, unreported; State ex rel. Allied Chem. Co. v. Aurelius (1984),16 Ohio App.3d 69; and Timson v. Young (1980), 70 Ohio App.2d 239 in support of its contention that the order in this case is not final and appealable. These three cases are not on point because they address situations where the requested venue transfer was from one Ohio county to another pursuant to Civ.R. 3(C); they did not involve a forum selection clause where the action would eventually be dismissed in Ohio so that it could be litigated in another state. In the Ohio to Ohio transfer cases, the parties will not be deprived of their right to appellate review of the transfer order in an Ohio court of appeals. The same cannot be said for the forum selection clause cases, since they will be litigated in another state.
Standen also cites Mansfield Family Restaurant v. CGS Worldwide, Inc. (Dec. 28, 2000), Richland App. No. 00-CA-3, unreported in support of its argument that the order in the instant case is not final and appealable. In Mansfield Family Restaurant, the trial court held that a forum selection clause in a contract between the parties did not apply to their dispute since the transaction in question was not subject to the terms of the contract. On appeal, the court held that the order denying the enforcement of the forum selection clause is not a final appealable order because it does not fit any of the R.C. 2505.02 categories of "final order." Specifically, the Richland County Court of Appeals found that the only category which could possibly cover the order is R.C.2505.02(B)(4), which states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
"Provisional Remedy" is defined in R.C. 2505.02(A)(3) as:
 "[A] proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
In Mansfield, the court states:
 "The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. Id. [Duryee v. Rogers
(Dec. 16, 1999), Cuyahoga App. No. 74963, unreported] We find that a decision by a trial court to deny a request for change of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under 2505.02(A)(3). The types of provisional remedies listed under 2505.02(A)(3) include decisions that, made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm. For instance, a preliminary injunction could be issued against a high school football player preventing him from playing football his senior year based on recruiting violations. The trial court could grant the attachment of property for which the owner has a ready buyer. Discovery of privileged material could force a person to divulge highly personal and sensitive information. If evidence critical to the prosecution of a criminal case is suppressed, the state could lose any meaningful chance at successful prosecution of a criminal. The decision to deny a change of venue does not result in any of the types of irreparable harm just listed. There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done. Whereas, when the types of decisions listed in 2505.02(A)(3) are made, the cat is let out of the bag and can never be put back in." (Emphasis added.)
The adequate, although expensive, remedy envisioned in Mansfield FamilyRestaurant is that after final resolution of the case, an Ohio appellate court could review the trial court's decision not to enforce the forum selection clause, find that it was error and reverse, thereby allowing the parties to litigate their dispute again in another state.
The difference between Mansfield Family Restaurant and the case presently before us is that if Overhead, Inc. cannot appeal now from the trial court's decision that the dispute must be litigated in Massachusetts, then after the case is resolved in the Massachusetts court, Overhead, Inc. will have no forum to turn to which can review the original decision enforcing the forum selection clause. A Massachusetts appellate court would not have jurisdiction to review an Ohio court's decision and it would be too late to file an appeal in the Ohio appellate court since the case in Ohio was not merely transferred to Massachusetts, but was actually dismissed.
Therefore, we find that under R.C. 2505.02(B)(4) the trial court's order is final and appealable. The proceeding in the trial court determining whether the case should be litigated in Ohio or in Massachusetts is ancillary to the action and thus is a provisional remedy pursuant to R.C. 2505.02(A)(3). Since the order granting the "provisional remedy," i.e., enforcing the forum selection clause, makes a full determination of the issue and prevents a judgment in favor of appellant on this issue it fulfills R.C. 2505.02(B)(4)(a). Finally, R.C.2505.02(B)(4)(b) is fulfilled because appellant would have no remedy through an appeal after the case has been heard in Massachusetts since there would be no appellate court with jurisdiction to decide the issue.
Appellee's motion to dismiss is denied. Appellant shall file its brief within fifteen days of the date of this decision.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J. concur.
[1] We note that Civ.R. 3(D) is not applicable to cases like this one where the issue is whether a forum selection clause is valid and the case should therefore be heard in a different state.
 "[Civ.R. 3(D)] only applies when venue in Ohio is not proper under any of the options of subsection (B). * * * Civ.R. 3(D) * * * can only be applied in the extremely rare pure transitory action where both plaintiff and defendant are non-Ohio residents and the cause of action arose outside this state, but the defendant is `caught' and served while momentarily in Ohio." Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio St.3d 123 at 132, jurisdictional motion overruled (1991), 57 Ohio St.3d 720.
We are aware of, but do not agree with, two appellate districts, the second and the eighth, which have held that where a forum selection clause is found to be valid, and there is a proper Civ.R. 3(B) venue in Ohio, Civ.R. 3(D) does apply and the case should be stayed for sixty days to allow the plaintiff to refile the case in the state named in the contract. See, from the Eighth District, Barrett v. Picker Internatl,Inc. (1990), 68 Ohio App.3d 820; Alpert v. Kodee Technologies (1997),117 Ohio App.3d 796; and Four Seasons Ent. v. Tommel Financial Serv.,Inc. (Nov. 9, 2000), Cuyahoga App. No. 77248, unreported; and from the Second District, Gallimore v. Arcadia Natl. Life Ins. Co. (May 12, 1986), Miami App. No. 85CA25, unreported; and Krygsman v. Gerken (July 3, 1997), Montgomery App. No. 16062, unreported, discretionary appeal not allowed (1997), 80 Ohio St.3d 1436.
We do not believe that a stay is improper in a forum selection clause case, in fact, we believe that it is the most prudent course of action, but it is not a stay mandated by Civ.R. 3(D).
[2] Plaintiff's complaint in the instant case states that plaintiff is an Ohio corporation with its principal place of business in Toledo, Ohio and that the contract in question was for the sale of goods to be used in "the construction and completion of improvements to or for the several projects including the city of Cleveland." Thus, either of two counties in Ohio, Lucas and Cuyahoga, can be a proper Civ.R. 3(B) forum for this case. The issue before the trial court was not whether there was aproper forum in Ohio, it was whether the parties' agreement that all disputes under the contract would be litigated in Massachusetts is enforceable. Venue can be proper in several places.