DECISION AND JUDGMENT ENTRY
{¶ 1} This is an administrative appeal from a judgment of the Huron County Court of Common Pleas, following a jury trial, in which the decision of the Ohio Bureau of Workers' Compensation awarding benefits to appellee, Charles E. Ramey, was upheld. Appellant, Quality Mold, Inc., sets forth the following assignments of error on appeal:
 {¶ 2} "1. The trial court erred in not granting default judgment to Quality Mold, Inc. on the grounds that the claimant Charles E. Ramey did not timely file any pleading to comply with Ohio Revised Code Section4123.512(D).
 {¶ 3} "2. The trial court erred in allowing a change of venue that was not timely filed by claimant without evidence or a hearing.
 {¶ 4} "3. The trial court erred in allowing testimony of an expert witness contrary to Huron Count Local Rule 31.05(A).
 {¶ 5} "4. The trial court erred in allowing the plaintiff to enter exhibits during trial, over objection, when plaintiff did not disclose or file exhibits with the court seven days before trial as required under Huron County Rule 31.05(E)."
 {¶ 6} The facts relevant to the issues raised on appeal[1] are as follows. On March 1, 2000, a staff hearing officer for the Ohio Bureau of Workers' Compensation allowed a claim for benefits filed by appellee, Charles E. Ramey. Ramey's claim was based on an incident report in which Ramey stated he was working for appellant, Quality Mold, Inc. ("Quality"), in Norwalk, Ohio, when he fell and twisted his right knee on September 20, 1999.
 {¶ 7} On March 15, 2000, Quality filed an administrative appeal with the Industrial Commission of Ohio. On March 22, 2000, Quality's request for further appeal was denied. Quality filed a notice of appeal in the Summit County Court of Common Pleas on March 30, 2000.
 {¶ 8} On May 30, 2000, Ramey filed a motion to dismiss the appeal, stating Quality did not properly file its notice of appeal in the trial court. On June 7, 2000, Quality filed a motion for default judgment, in which it argued Ramey did not timely file a petition containing a statement of facts, as required by R.C. 4123.512(D). On July 28, 2000, the Summit County Court of Common Pleas found Quality's notice of appeal was properly filed, and Quality was not entitled to a default judgment. Quality appealed the denial of its motion to the Ninth District Court of Appeals. However, the appellate court found the order was not final and appealable and dismissed the appeal, sua sponte.
 {¶ 9} Ramey filed his petition in the Summit County Court of Common Pleas on August 11, 2000. On October 23, 2000, Ramey filed a "motion for change of venue" to the Huron County Court of Common Pleas, which Quality opposed. On May 17, 2001, the Summit County Court of Common Pleas granted Ramey's motion and ordered the case transferred to the Huron County Court of Common Pleas. Quality appealed the transfer; however, the Ninth District Court of Appeals dismissed the appeal. On September 16, 2003, Ramey refiled his petition, along with a request for a jury trial, in the Huron County Court of Common Pleas (hereafter referred to as the "trial court").
 {¶ 10} On February 2, 2004, Quality renewed its objections to the transfer of the appeal and, on February 15, 2004, Quality renewed its motion to dismiss the appeal. Both motions were denied by the trial court on February 25, 2004, and a jury trial was scheduled to begin on May 27, 2004.
 {¶ 11} By agreement of the parties, the July 2002 deposition testimony of John Kovesdi, M.D., one of Ramey's treating physicians, was made part of the record in Huron County. On May 25, 2004, two days before the trial was to begin, Ramey filed a notice of intent to videotape Dr. Kovesdi's trial testimony, which took place on May 26, 2004, over Quality's objection.
 {¶ 12} Testimony was presented at trial by Ramey and several Quality employees. In addition, Kovesdi's video deposition was played for the jury, over Quality's objection. At the close of all the evidence, the jury found Ramey was entitled to participate in the Workers' Compensation fund. A timely notice of appeal was filed.
 {¶ 13} In its first assignment of error, Quality asserts the trial court erred when it denied the motion for default judgment. In support, Quality argues Ramey's petition was filed in the Summit County Court of Common Pleas more than 60 days after the notice of appeal was filed, in violation of R.C. 4123.512(D).
 {¶ 14} R.C. 4123.512(D), which governs the filing of appeals in a workers' compensation case, states, in relevant part:
 {¶ 15} "(D) Upon receipt of notice of appeal the clerk of courts shall provide notice to all parties who are appellees and to the commission.
 {¶ 16} "The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * *."
 {¶ 17} A trial court's decision on a motion for judgment or dismissal in an appeal pursuant to R.C. 4123.512(D) will not be overturned on appeal absent a finding the trial court abused its discretion. Dopp v.S.E. Johnson Companies, Inc. (July 2, 1998), 6th Dist. No. L-98-1024., citing Whitehurst v. Perry Twp. (1996), 144 Ohio App.3d 729, 734. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 18} Ohio courts have held that the purpose of filing a claimant's petition pursuant to R.C. 4123.512(D) is "to give orderliness to the appellate proceeding when an employer appeals an unfavorable decision."Dopp, supra, citing Singer Sewing Machine Co. v. Puckett (1964),176 Ohio St. 32, 36-37. Failure to file a timely petition is not jurisdictional and, where a petition is untimely filed, the trial court may, in the exercise of its discretion, allow the petition to be filed late. Givens v. Garlando (1985), 27 Ohio App.3d 287, 289. However, total disregard of the statutory time limitation would render it meaningless. Id.; Zuljevic, v. Midland-Ross Corp. (1980),62 Ohio St.2d 116, 199. Accordingly, in seeking leave to file an untimely petition, the claimant "must establish excusable neglect or other good cause." Dopp, supra, citing Whitehurst, supra.
 {¶ 19} The record, as set forth above, shows the trial court considered whether to grant Quality's motion for default judgment before allowing Ramey an additional 30 days to file his petition. In it July 28, 2000 order denying Quality's motion for default judgment, the Summit County Court of Common Pleas stated: "It is within the discretion of this Court to allow Defendant-Appellees[2] an opportunity to file the petition late. Since Defendant-Appellees had filed a Rule 12 Motion to Dismiss, which has since been denied, they shall have thirty (30) days from receipt of this Order in which to file their petition." Ramey filed his petition pursuant to R.C. 4123.412(D) on August 11, 2000.
 {¶ 20} Upon consideration, we find the trial court's decision to allow the late filing of the petition was for good cause and was not unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its discretion, and Quality's first assignment of error is not well-taken.
 {¶ 21} In its second assignment of error, Quality asserts the trial court erred by not finding "venue" was improper in Huron County. In support, Quality argues, pursuant to Civ.R. 3(B), "venue" was proper in Summit County, not Huron County, because Quality's principal place of business is in Summit County. Quality further argues Ramey's request to transfer "venue" to Huron County was untimely. We disagree, for the following reasons.
 {¶ 22} The March 22, 2000 order denying Quality's administrative appeal stated, in relevant part:
 {¶ 23} "Any party may appeal an order of the commission, other than a decision as to the extent of disability, to the Court of Common Pleas within 60 days after receipt of the order, subject to the limitationscontained in the Ohio Revised Code, Section 4123.512." (Emphasis added.)
 {¶ 24} R.C. 4123.512(A), provides, in relevant part:
 {¶ 25} "The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court ofcommon pleas of the county in which the injury was inflicted * * *. If no common pleas court has jurisdiction for the purposes of an appeal by the use of the jurisdictional requirements described in this division, the appellant may use the venue provisions in the Rules of Civil Procedure tovest jurisdiction in a court. * * *.
 {¶ 26} "If an action has been commenced in a court of a county otherthan a court of a county having jurisdiction over the action, the court, upon notice by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction." (Emphasis added.)
 {¶ 27} We will first discuss the distinction between jurisdiction and venue, since it is critical to the determination of this assignment of error. As set forth above, R.C. 4123.512(A) confers jurisdiction, notvenue, on the court located in the county in which the worker's injury was inflicted. Jurisdiction is defined as the power of a court to hear and decide a case upon its merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, 87. In contrast, venue is defined as the particular locality where a suit should be heard, after jurisdiction is established. Id. In this case, the parties have confused the nature of the common pleas court's jurisdiction with the concept of how the Civil Rules governing venue operate within the statutory boundaries imposed upon that jurisdiction.
 {¶ 28} As set forth above, the primary consideration under R.C.4123.512(A) is whether a particular court has jurisdiction to hear a workers' compensation appeal. The venue provisions of Civ.R. 3, and the accompanying requirements for making a timely transfer request, do not apply unless no common pleas court can be found to have jurisdiction. It is undisputed Ramey was injured in Huron County, not Summit County. Therefore, pursuant to R.C. 4123.512(A), the Huron County Court of Common Pleas had jurisdiction to hear the appeal, regardless of where Quality's principal place of business was located. In addition, since the issue of subject-matter jurisdiction may be raised at any stage of a court proceeding, Ramey's request to transfer the case was not barred by Civ.R. 3, even though it was erroneously labeled as a request to transfer "venue." See Nurse v. Board of Review (Feb. 18, 1981), 9th Dist. No. 9836, citing Jenkins v. Keller (1966), 6 Ohio St.2d 122, 126. Quality's second assignment of error is not well-taken.
 {¶ 29} In its third assignment of error, Quality asserts the trial court erred by not excluding the expert medical testimony of John M. Kovesdi, M.D. In support, Quality argues Ramey should not have been allowed to depose Kovesdi one day before the jury trial was to begin, because Ramey did not give sufficient advance notice of Kovesdi's deposition, as required by Huron County Local Rule 31.05(A).
 {¶ 30} Huron County Local Rule 31.05(A) states, in relevant part:
 {¶ 31} "(A) Ninety (90) days before trial Plaintiff(s) and Defendant(s) shall disclose to each other and file with the Court the name, address and subject area of expert witnesses expected to testify at trial. Rebuttal expert witness identification shall be disclosed and filed sixty (60) days before trial. Failure to disclose may be grounds to exclude an expert witness at trial.
 {¶ 32} "* * *
 {¶ 33} "(F) Names and addresses of witnesses expected to testify at trial, except rebuttal witnesses, shall be served on opposing counsel and filed with the Court seven (7) days before trial. Failure to so disclose a witness may be grounds for exclusion of the witness at trial. * * *." (Emphasis added.)
 {¶ 34} The language of Local Rule 31.05(A) grants discretion to the trial court. It is axiomatic that, where the trial court has discretion in the admission and exclusion of evidence, its decision will not be overturned on appeal "unless it clearly abused its discretion and the defendant has been materially prejudiced thereby * * *." State v.Withers (1975), 44 Ohio St.2d 53, 54. As set forth above, an abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 35} In exercising its discretion, the trial court may elect to impose sanctions for the failure of a party to follow local rules governing the disclosure of witnesses. See Estate of Wimmers v. Camacho,
(July 27, 1993), 2d Dist. No. 13272, citing Montgomery v. Zacher (Sept. 24, 1991), Franklin App. No 91AP-55. The key to determining the severity of the sanction is the degree of prejudice resulting from such failure.Wright v. Structo (1993), 88 Ohio App.3d 239, 244.
 {¶ 36} The record shows Quality's attorney first deposed Dr. Kovesdi in July 2002, with the intent to use him as Quality's expert witness. At that time, Kovesdi testified he treated Ramey in 1998, for arthritic pain in his right knee, which developed after Ramey was injured in a car accident in 1995. Kovesdi stated he next saw Ramey in November 1999, after Ramey injured his knee at work. Kovesdi further stated his November 1999 exam revealed Ramey had a torn medial meniscus, advanced arthritis, and large bone spurs in his right knee. Kovesdi concluded his 2002 deposition by stating, in his opinion, Ramey's knee problems in November 1999 were not related to the work injury in September 1999.
 {¶ 37} Kovesdi's May 2004 video deposition testimony was essentially the same as to the extent of Ramey's pain and the condition of his right knee. However, Kovesdi concluded in his 2004 deposition the pre-existing condition of Ramey's right knee was aggravated by his September 1999 work injury. On cross-examination, Quality's attorney questioned Kovesdi as to Ramey's medical condition before and after the September 1999 work injury. Areas of inquiry included the extent of Ramey's knee pain, his diabetes, and a leg infection in 1999, which caused his leg to swell. Quality's attorney did not ask Kovesdi why his medical opinion had changed between July 2002 and May 2004, and did not otherwise attempt to rebut Kovesdi's 2004 testimony with material from the 2002 deposition.
 {¶ 38} It is undisputed that Kovesdi was one of Ramey's treating physicians. As set forth above, Quality not only had notice of the content of Kovesdi's 2002 testimony, it originally intended to use him as its own expert witness. Later, faced with a change in Kovesdi's medical opinion, Quality chose to save its objections for trial, rather than take the opportunity to cross-examine Kovesdi during the video deposition and preserve its objections for the record. Having made that decision, Quality cannot complain that it suffered prejudice and/or unfair surprise due to Ramey's late request to present Kovesdi's video deposition at trial.
 {¶ 39} On consideration of the entire record of proceedings before the trial court, we find the trial court did not abuse its discretion by allowing Kovesdi's video deposition to be played for the jury. Quality's third assignment of error is not well-taken.
 {¶ 40} In its fourth assignment of error, Quality asserts the trial court erred by allowing Ramey to file exhibits less than seven days before trial, in violation of Huron County Local Rule 31.05(E). In support, Quality argues the failure of a trial court to enforce its local rules regarding the timely filing of exhibits amounts to an abuse of discretion.
 {¶ 41} Huron County Local Rule 31.05(E) states, in relevant part:
 {¶ 42} "(E) Exhibits, except rebuttal exhibits, shall be marked and exchanged by counsel not later than one half hour before trial commences. A schedule of each party's proposed exhibits shall be served on opposing counsel and filed with the Court seven (7) days before trial. Failure to so disclose an exhibit may be grounds for exclusion of the exhibit at trial. Counsel shall not make reference in opening statement to an exhibit not so disclosed. * * *." (Emphasis added.)
 {¶ 43} Huron County Local Rule 31.05(E), like its counterparts discussed above, gives the trial court discretion to decide whether to allow Ramey's exhibits to be admitted at trial. As set forth above, in deciding whether the trial court abused that discretion, the relevant question is whether admission of the exhibits resulted in unfair prejudice to Quality. Wright v. Structo, supra.
 {¶ 44} A review of the trial transcript shows Quality's attorney objected to the admission of certain exhibits at trial, solely on the basis they were not submitted to opposing counsel seven days before trial. Although Quality does not specify in its brief which exhibits were objectionable, our own review of the record shows the exhibits in question included Ramey's original incident report, the hospital business form and emergency room record for Ramey's hospital treatment after the injury, and three out of seven pages of progress notes from Ramey's medical file. After asking Quality's attorney why he did not have copies of those particular records and receiving no direct answer, the trial court stated:
 {¶ 45} "I'm not sure why those exhibits are not in [Quality's] file at this moment, but it does appear that this case was fully discovered and the medical records were provided. You've had the deposition of Dr. Kovesdi. You've been there at his office with his records; had the opportunity to review those records; and therefore, I don't see that the defendant suffered any prejudice by the failure of the * * * plaintiff to have listed those exhibits * * * in a pretrial submission, which the plaintiff's counsel should have done. Since I find no prejudice, the exhibits * * * will be admitted into evidence * * *."
 {¶ 46} This court has reviewed the entire record of proceedings before the trial court and, upon consideration, finds the trial court did not abuse its discretion by concluding Quality suffered no prejudice from the admission of Ramey's exhibits at trial. Accordingly, the trial court did not abuse its discretion, and Quality's fourth assignment of error is not well-taken.
 {¶ 47} The judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the costs of these appellate proceedings are assessed to appellant, Quality Mold, Inc.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.
[1] The history of this case in both the Summit County Court of Common Pleas and the Huron County Court of Common Pleas is lengthy, primarily due to the filing of numerous unsuccessful appeals by Quality. Although this court has reviewed all of the lower court proceedings, we conclude only those proceedings noted in this decision are relevant to our determination of the issues herein.
[2] Appellee, the Ohio Bureau of Workers' Compensation, became a party to this appeal, in addition to Ramey, after Quality appealed its order pursuant to R.C. 4123.512.