OPINION
{¶ 1} Plaintiff-appellant, Robert Martin ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Marcia J. Mengel ("appellee") for lack of subject-matter jurisdiction.
 {¶ 2} Appellant is presently incarcerated in the London Correctional Institution. Appellant, seeking discretionary review of his case by the Supreme Court of Ohio, mailed a number of items to the Ohio Supreme Court's Clerk's Office. The clerk's office informed appellant that the documents he submitted were filed with the exception of a document entitled "Leave to file Addendum to Prevent Erroneous Review." The clerk's office explained that pursuant to S.Ct. Pract.R. III, jurisdictional memoranda were not to be supplemented, and, therefore, it was obligated to refuse to file said document. Appellant filed a complaint in the Franklin County Court of Common Pleas against Marcia J. Mengel, Clerk of Court for the Ohio Supreme Court, in both her individual and official capacities. Said complaint entitled "Complaint for soliation and concealment of evidence" seeks money damages in the amount of $18,372, plus interest, for "restitution of loss" and punitive damages in the amount of $8,500. Appellee filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(1) and 12(B)(6). The trial court granted said motion on November 19, 2004. It is from this judgment that appellant appeals.
 {¶ 3} Appellant asserts the following three assignments of error:
[1.] A trial court abuses its discretion when it fails to extend a mandated liberal reading of a pro se complaint and it fails to entertain jurisdiction.
[2.] The trial court abused its discretion when it arbitrarily denied substantive fair procedures protected under the Due Process Clause of theFourteenth Amendment. Following Zinermon v. Burch (1990), 110 S.Ct. 975,983.
[3.] The trial court abused its discretion permitting illegal seizure of personal property without due process of law when it denied a motion opposing court costs violating the Fourth and Fourteenth Amendments to the United States Constitution.
 {¶ 4} Because appellant's first assignment of error is dispositive, we address it first. While appellant is correct that the trial court erred in stating in its decision that appellant had not responded to the appellee's motion to dismiss when, in fact, appellant had filed a response, such error does not require reversal unless it is prejudicial.Hurst v. Ohio Adult Parole Auth. (Nov. 10, 1992), Franklin App. No. 92AP-903. Whether the error is prejudicial depends upon whether the complaint in fact states a claim for relief in the trial court. Because we find that it does not, the trial court's error in this case is harmless.
 {¶ 5} The appellate standard of review on Civ.R. 12(B)(1) and 12(B)(6) motions to dismiss is de novo. Kramer v. Installations Unlimited, Inc.
(2002), 147 Ohio App.3d 350. In a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1), the question is whether plaintiff alleges any cause of action the court has authority to decide. Troutman v. Ohio Dept. of Rehab. Corr., Franklin App. No. 03AP-1240, 2005-Ohio-334, citing McHenry v. Indus. Comm. (1990),68 Ohio App. 3d 56.
 {¶ 6} It is well-established in Ohio that the state and its officers and employees are amenable to suit for money damages solely in the Ohio Court of Claims. R.C. Chapter 2743; Boggs v. State (1983), 8 Ohio St.3d 15. Therefore, inasmuch as this cause of action involves a civil suit for money damages against the Clerk of Courts for the Supreme Court of Ohio in her official capacity, the Court of Claims has original, exclusive jurisdiction. Hence, the court of common pleas lacked jurisdiction over this claim and the dismissal of this action was proper. Id.
 {¶ 7} Further, in enacting R.C. Chapter 2743, the General Assembly not only created the Court of Claims, but also specified the forum and manner in which actions may be brought against the state and its officers and employees. Conley v. Shearer (1992), 64 Ohio St.3d 284, 286. According to R.C. 2743.02(F), before a civil action may be brought against an officer or employee of the state in his or her individual capacity, a plaintiff must first file the action with the Court of Claims for a determination of whether the officer or employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 8} In the case sub judice, not only has appellant not alleged that appellee acted with malicious purpose, in bad faith, wantonly or recklessly, it is only the Court of Claims that has jurisdiction to make the determination of whether or not appellee is entitled to immunity, as it retains exclusive and original jurisdiction over this matter. Johnsv. Univ. of Cincinnati Med. Assoc., Inc., 101 Ohio St.3d 234.2004-Ohio-824. Because the trial court lacked subject-matter jurisdiction in this action, dismissal pursuant to Civ.R. 12(B)(1) was proper.
 {¶ 9} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown, P.J. and French, JJ., concur.