DECISION AND JUDGMENT ENTRY
{¶ 1} Daniel S. Adams sued various defendants, including the state of Ohio and several co-workers who are state employees, in the Scioto County Court of CommonPleas. Adams's claims included purported violations of federal civil rights statutes, the Ohio "whistleblower" statute and common law intentional infliction of emotional distress. The defendants filed a motion for judgment on the pleadings and/or summary judgment, which was based in part on the court's lack of subject matter jurisdiction over the state of Ohio and its employees. The movants argued only the Ohio Court of Claims had exclusive original jurisdiction over claims that named the state and its employees as defendants. However, the court denied the motion. After the original trial judge recused *Page 2 
himself, a newly appointed judge sua sponte ordered the Clerk of Courts to "transfer" the entire case to the Court of Claims. Adams has appealed that judgment, which he mistakenly characterizes as a "dismissal." We conclude the order of transfer is not a final appealable order and dismiss the case for lack of jurisdiction.
 {¶ 2} Adams raises two issues on appeal, the first being the procedural propriety of a sua sponte "dismissal" for lack of subject matter jurisdiction. He also contends the trial court should have retained jurisdiction over the claims against the individual defendants acting in their individual capacity. We do not reach these issues because the order to "transfer" the case does not terminate the action or affect a substantial right.
 {¶ 3} R.C. Chapter 2743 waived the State of Ohio's immunity from liability and created a Court of Claims to address all actions against the state as permitted by the waiver. See R.C. 2743.02 (waiver of immunity) and R.C. 2743.03 (Court of Claims established). The statutes provide that the "court of claims * * * has exclusive original jurisdiction of all civil actions against the state * * * . See R.C.2743.03(A)(1). It also provides the Court of Claims has exclusive original jurisdiction over "an officer or employee" of the state to determine whether those individuals retain the immunity provided by R.C.9.86. See R.C. 2743.02(F) and R.C. 2743.03(A)(3). As a result, no other court has original jurisdiction to entertain suits against the state or its employees. See Turner v. Bagley, Richland App. No. 02-CA-11-2, 2002-Ohio-5475, at ¶ 10, citing Conley v. Shearer, 64 Ohio St.3d 284,1992-Ohio-133.
 {¶ 4} Initially, we must determine whether the judgment entry here was a final appealable order. It is well established that an order must be final before it can be *Page 3 
reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Ins. Co. of N.Am. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA5; In re Christian (July 22, 1992), Athens App. No. 1507.
 {¶ 5} First, we must determine if the order is final within the requirements of R.C. 2505.02. A final order is defined by R.C.2505.02(B)(1) as "[a]n order that affects a substantial right in an action which in effect determines the action * * * ." A final decree determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v.United States (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911;Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306,272 N.E.2d 127; Teaf v. Hewitt (1853), 1 Ohio St. 511, 520. Clearly the "transfer" does not determine the action and prevent a judgment.
 {¶ 6} Because the state had immunity at common law and suits against it were not originally recognized, we believe proceedings under R.C. Chapter 2743 amount to special proceedings. See R.C. 2505.02(A)(2). Under R.C. 2505.02(B)(2) "an order that affects a substantial right made in a special proceeding" is final and appealable. While it was made in the context of a special proceeding, the "transfer" does not affect "a substantial right." There is no provision for ordering a transfer of an improperly filed complaint to the court of claims; in effect, it accomplished nothing other than placing the case in "limbo." *Page 4 
 {¶ 7} The proper procedure for addressing a case that has been improperly filed in the Common Pleas Court against the state of Ohio or employees is to dismiss it for lack of subject matter jurisdiction. SeeRose v. Ohio Dept. of Rehab. Corr., Franklin App. No. 07AP-472,2007-Ohio-6184; Patel v. Vance, Belmont App. No. 07 BE 16,2007-Ohio-6223; Bla-con Industries, Inc. v. Miami Univ., Butler App. No. CA2006-06-127, 2007-Ohio-785; Martin v. Mengel, Franklin App. No. 05AP-77, 2005-Ohio-3684; Barr v. Jones, 160 Ohio App.3d 320,2005-Ohio-1488 (all affirming dismissal for lack of jurisdiction). In fact, our research has uncovered no case where the trial court transferred such a matter.
 {¶ 8} R.C. 2743.03(E)(1) does provide for a removal of an action to the Court of Claims. But only in those cases where a complaint was properly filed in the Common Pleas Court against individual defendants and a subsequent counterclaim or third party action against the state requires "transfer" to the Court of Claims.
 {¶ 9} Because the trial court ordered a transfer rather than a dismissal, there is no final appealable order and we must dismiss for lack of jurisdiction.
 APPEAL DISMISSED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment Only. *Page 1