JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Glenridge Machine Company ("Glenridge"), appeals the trial court's decision to transfer jurisdiction. For the following reasons, we dismiss this appeal for lack of jurisdiction.
 {¶ 2} Glenridge, whose principal place of business is in Willoughby, Ohio, employed plaintiff-appellee, Massoud Farshchian ("Farshchian"), as a machine operator.[1] In June 2005, Farshchian went to the emergency department complaining of injuries to his left hand caused by using too much coolant in the machine he operated at Glenridge. He filed a claim with the Ohio Bureau of Workers' Compensation ("BWC") that allowed his claim for cellulitis and chemical dermatitis.
 {¶ 3} After Farshchian returned to work, he experienced a new outbreak of the same skin ailment. He went to the doctor, but this time his hand did not respond to treatment. The doctor advised him to limit his exposure to moisture at work and Farshchian determined he could no longer work as a machine operator. Farshchian became depressed and filed another claim with the BWC, requesting that his claim be additionally allowed for depression. The BWC entered orders additionally allowing a psychological injury. The Industrial Commission affirmed the BWC's decision.
 {¶ 4} In 2006, Glenridge appealed the Industrial Commission's decision to the Cuyahoga County Common Pleas Court. Farshchian moved to transfer the case to Lake County, pursuant to R.C. 4123.512(A). R.C. 4123.512(A) provides:
 "(A) The claimant or the employer may appeal an order of the industrial commission * * * to the court of common pleas of the county in which the injury was inflicted * * *. If no common pleas court has jurisdiction for the purposes of an appeal by *Page 4 
the use of the jurisdictional requirements described in this division, the appellant may use the venue provisions in the Rules of Civil Procedure to vest jurisdiction in a court. * * *
 If an action has been commenced in a court of a county other than a court of a county having jurisdiction over the action, the court, upon notice by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction."
 {¶ 5} The trial court granted Farshchian's motion, and the instant appeal ensued.
 {¶ 6} In its notice of appeal, Glenridge stated that it was appealing from the trial court's order transferring jurisdiction and also from the trial court's denial of its motion for summary judgment, motion to dismiss, motion for sanctions, and the trial court's decision to grant a continuance for trial.[2]
 {¶ 7} After Glenridge filed its notice of appeal, Farshchian moved to dismiss the appeal, arguing that we are without jurisdiction to review the appeal because Glenridge appealed from a non-final order.
 {¶ 8} Section 3(B)(2), Article IV of the Ohio Constitution, which regulates this state's appellate jurisdiction, states: "Courts of appeals shall have *** jurisdiction to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals ***." In order to invoke appellate jurisdiction, this court must be presented with a judgment or final order from a lower court. Ass'n of *Page 5 Cleveland Firefighters, # 93 v. Campbell, Cuyahoga App. No. 84148,2005-Ohio-1841. Without an order that is final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Id.
 {¶ 9} Glenridge argues that the trial court's order to transfer jurisdiction was a final order pursuant to R.C. 2505.02(B)(1) and (B)(2). R.C. 2505.02(B) defines a final order, in pertinent part, as follows:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;* * *"
 {¶ 10} First, we find that the transfer of jurisdiction in this case does not determine the action and prevent a judgment because it is procedural; it does not decide any claim. Duryee v. Rogers (Dec. 16, 1999), Cuyahoga App. No. 74963; Adams v. Cox, Scioto App. No. 07CA3181,2008-Ohio-719. Thus 2505.02(B)(1) does not apply to the case at bar.
 {¶ 11} We also find that R.C. 2505.02(B)(2) does not apply to this case. R.C. 2505.02(A)(2) defines a special proceeding as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Id. Workers' compensation did not exist at common law or in equity, but was established by special legislation. Myers v. City of Toledo, *Page 6 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176. Therefore it falls within the definition of a special proceeding under R.C. 2505.02(A)(2). Id.
 {¶ 12} We find, however, that the transfer did not affect Glenridge's substantial rights. A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In other words, "[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, 541 N.E.2d 64. An order affects a substantial right if in the absence of immediate review of the order effective relief will be foreclosed. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181.
 {¶ 13} Glenridge argues that the trial court's order transferring jurisdiction affects the company's right to appeal the Industrial Commission's administrative decision. Glenridge claims that Lake County does not have jurisdiction over the case; thus, their right to appeal will be lost if the case is transferred.[3] We disagree. R.C. 4123.512(A) expressly states that the venue provisions of Civ. R. 3 apply if no common pleas court can be found to have jurisdiction. R.C. 4123.512(A); see also Ramey v. Quality Mold, Inc., 2005-Ohio-2211. Pursuant to Civ. R. 3(B)(2), venue is always proper in a county in which a defendant has its principal place of business. Glenridge is located in Lake County, the county to which the case was transferred. *Page 7 
 {¶ 14} As to the motion to transfer jurisdiction, Glenridge retains its effective remedy in the form of an appeal following final judgment in the new court. Molzon v. Molzon, Geauga App. No. 2003-G-2510,2003-Ohio-5424. Overhead, Inc. v. Standen Contr., Lucas App. No. L-01-1397, 2002-Ohio-1191 (stating that in an "Ohio to Ohio transfer [case]", the parties are not deprived of their right to appellate review of the transfer order in an Ohio court of appeals).
 {¶ 15} Glenridge will not lose the right to appeal the Industrial Commission's decision if the case is transferred to Lake County and that court determines it also does not have jurisdiction; thus, no substantial right was affected by the transfer order. Therefore, we determine that the trial court's order transferring jurisdiction does not affect Glenridge's "substantial rights" as defined in R.C. 2505.02(A)(1).
 {¶ 16} Next, we note that the majority of Ohio cases analyzing intrastate transfer of cases discuss transfer of venue. Jurisdiction is defined as the power of a court to hear and decide a case upon its merits. Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87,290 N.E.2d 841. In contrast, venue is defined as the particular locality where a suit should be heard, after jurisdiction is established. Id. That being said, at least two appellate districts in Ohio have found that the jurisdictional provisions of R.C. 4123.512 are properly regarded as venue provisions. Mays v. Kroger Co. (1998), 129 Ohio App.3d 159,717 N.E.2d 398; Shondel v. American Ship Bldg. Co. (Sept. 4, 1991), Lorain App. No. 90CA004939 (decided under analogous statute); see, also, Fulton, Ohio Workers' Compensation Law (2 Ed. 1991), 340, 342, Sections 12.4 — 12.5 (interpreting R.C. 4123.512 as converting the jurisdictional requirement *Page 8 
that the notice of appeal be filed in the county specified in that subsection, into a venue provision).
 {¶ 17} It is well settled that a decision to change venue is properly reviewable only after a final judgment is entered in a case. State exrel. Starner v. DeHoff (1985), 18 Ohio St.3d 163, 165, 480 N.E.2d 449, citing Timson v. Young (1980), 70 Ohio App.2d 239, 436 N.E.2d 538;Snell v. Cincinnati Street Ry. Co. (1899), 60 Ohio St. 256, 54 N.E. 270, appeal dismissed, (1900), 179 U.S. 395, 45 L.Ed. 248, 21 S.Ct. 205.
 {¶ 18} Finding no other basis to determine that the trial court's order was final, we conclude that we lack jurisdiction to hear this appeal. Therefore, we are unable to address the merits of the appeal.
Accordingly, appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MARY JANE BOYLE, J., CONCUR.
[1] Willoughby is located in Lake County.
[2] Glenridge concedes that latter motions are interlocutory motions and are not in and of themselves final appealable orders.
[3] We note that in opposing Farshchian's initial motion to transfer, Glenridge conceded that it filed its appeal in the wrong county. Glenridge claims, for the first time on appeal, that Farshchian's mental injury somehow occurred in Cuyahoga County. *Page 1