[Cite as *State v. Johnson*, 2014-Ohio-1781.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO. 2014-G-3187** |
| CINSEREE JOHNSON, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Court of Common Pleas, Case No. 12 C 142.

Judgment: Appeal dismissed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Cinseree Johnson, pro se,* P.O. Box 20244, Cleveland, OH 44120 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On February 21, 2014, appellant, Cinseree Johnson, pro se, filed a notice of appeal from two January 22, 2014 judgment entries of the Geauga County Court of Common Pleas, which overruled appellant's "Renewed Motion to Suppress" and "Second Renewed Motion for Change of Venue."

{¶2} Appellee filed a motion to dismiss the appeal on February 25, 2014, indicating that this court lacks jurisdiction to consider the appeal because neither

judgment entry is a final appealable order. No brief or response in opposition to the motion to dismiss has been filed.

{¶3} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶11} ***."

{¶12} In regard to criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must

be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶13} An order denying a motion to suppress has been held not to be a final appealable order. *See State v. Shook,* 11th Dist. No. 2010-P-0013, 2010-Ohio-1802; *State v. Ricciardi*, 135 Ohio App.3d 155 (7th Dist.1999). In addition, issues regarding a change of venue are not final appealable orders and can be reviewed after final judgment is rendered in a case. *See Timson v. Young,* 70 Ohio App.2d 239 (10th Dist.1980).

{¶14} In the present case, there is nothing on the trial court docket which reflects that appellant has been convicted or sentenced in her criminal case. Therefore, there is no sentence in which appellant can appeal at this time. The two orders of January 22, 2014 denying appellant's motion to suppress and for change of venue are not appealable until a sentence is rendered by the trial court.

{¶15} Appellee's motion to dismiss is granted, and the appeal is dismissed for lack of a final appealable order.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.